STATE EX REL. TAYLOR, Respondent, vs. McKINNY, Town Clerk, Appellant.

*September 13—October 3, 1911.*

*Schools and school districts: Alteration of district: Procedure: Jurisdiction of town board: Notice.*

1. Substantial compliance only with the statutory procedure is required in changing the boundaries of a school district; and requirements not expressly stated or necessarily to be inferred from the statute are not to be read out of it.
2. The mere fact that in executing the statute in any given case the town board does not adopt the best method of giving the persons interested an opportunity to be heard, does not go to its jurisdiction.
3. The notice of a contemplated alteration of a school district, prescribed by sec. 418, Stats. (1898), need not specify the particular territory proposed to be taken from one district and added to another.
4. Proof on file that the town clerk performed his duty to notify the other members of the school board of the meeting of the town board to consider the proposed alteration, is not essential to the jurisdiction of the town board to act in the matter at such meeting.

APPEAL from a judgment of the circuit court for Barron county: FRANK A. ROSS, Circuit Judge. *Reversed.*

The relator, in due form, sued out a writ of *certiorari* to test the validity of an order of the town board of the town of

Barron, in Barron county, Wisconsin, changing the bound-
aries of a school district. Due return was made of all pro-
ceedings of record upon which such order was based. The
decision was in favor of the relator for want of proof of rec-
ord with the town clerk at the time the board acted that the
school district clerk, upon whom notice of the meeting to con-
sider the proposed change was served, duly notified other
members of the district board as the law required; because the
town board's notice to the district clerk did not contain a
statement of the nature of the proposed alteration; and be-
cause the order appointing the meeting to consider the pro-
posed change directed the town clerk to send notices to the
clerks of school districts affected without specifying them,—
leaving the town clerk to determine that matter.

The cause was submitted for the appellant on the brief of
*J. W. Soderberg,* and for the respondent on that of *Clarence
C. Coe, Arthur E. Coe,* and *Chas. A. Taylor.*

MARSHALL, J.    The procedure to legally change the bound-
aries of a school district is governed by statute. Upon fa-
miliar principles, substantial compliance therewith is suffi-
cient. Technical compliance is not required, neither is any
requirement to be read out of the statute not plainly found
expressed in letter or by necessary inference. The mere fact
that, in executing the statute in any given case, the town board
does not adopt the best method of giving the persons inter-
ested an opportunity to be heard, does not go to its jurisdic-
tion.

Sec. 418 of the Statutes provides as follows:

"Whenever the town board shall contemplate an alteration
of a district they shall give at least five days' notice in writing
to the clerk of the district or districts to be affected thereby,
stating in such notice when and where they will be present
to decide upon such proposed alteration."

As counsel for appellant contends, such language does not
unmistakably, if at all, require a town board to specify in the

notice to the town clerk, or clerks, the particular territory pro-
posed to be taken from one district and added to another.
Nothing of the kind. The legislature, as will be observed,
made just one mandatory requirement as to contents of the
notice, viz.: that it shall state "when and where" the board
"will be present to decide upon such proposed alteration."
It was so easy to add—and state particularly the nature of
such proposed alteration,—or words to that effect, if any
such idea were in the legislative mind, that absence thereof
suggests there was not; that the purpose was to make the pro-
ceedings just as simple as the plain meaning of the words, lib-
erally construed in favor of those required to administer the
law, would indicate. It was evidently thought, and neces-
sarily so, that members of town boards would be quite likely
to be inexperienced in executing statutes, especially statutes
requiring compliance with many details, and that to create a
situation making such execution essential would, or might,
seriously affect public interest. So the legislature stopped
with the single requirement mentioned as to contents of the
notice. No other one should be read out of the statute by
doubtful construction, if by construction at all. That the
requirement which the court below found, was so discovered,
is evidenced by the fact that the form officially prepared for
use, in executing the statute, and so used for many years, does
not contain it, but is worded as in this case. It is quite likely
that such form has been used in a multitude of cases since
given out in the official school code. It having been presum-
ably followed for somewhere around fifty years, that may
well be regarded as practical construction of the statute which
should not be departed from.

The question of whether, before a town board can, under
the statute, legally act at the meeting appointed to consider a
proposed change of school district boundaries, it must have
on file with its clerk proof that the clerk of the district af-
fected has performed his duty, must be answered in the nega-

tive by the logic of the reasoning applied to the first question treated. The statute provides that it shall be the duty of the clerk, or clerks, "immediately to notify the other members of the board." Doubtless good administration requires, in such a case, prompt performance of that duty and proof thereof in some appropriate way on file with the town clerk before action by the town board, and such board to give strict attention to the matter. But the statute makes no requirement on the subject and it is not the province of the court to supply one.

There is no other suggested infirmity of substantial character in the proceedings affecting the order appealed from. We note that the learned court below thought the town board, at the meeting at which time was set for considering the proposed school district changes, should have designated the clerk, or clerks, of the school districts to be served with notice, and failed to do so, leaving it to the town clerk to determine what districts were affected. Conceding for the purpose of the case, that the board should have done as suggested, the record does not seem to bear out the court's conclusion. It shows that the supervisors directed the clerk to send the notice but made it out, directed it to the district clerk by name and signed it officially, leaving to the town clerk only the mere duty of making service.

It follows that the judgment must be reversed, and cause remanded with directions to render judgment dismissing the proceedings with costs.

*By the Court.*—So ordered.