<hr />

KITTELSON, Appellant, vs. DETTINGER and others, Respondents.

*March 11—April 5, 1921.*

*Schools and school districts: Consolidation: Notice of meeting: Failure to sign order of consolidation: When district is organized: Construction of statutes authorizing consolidation.*

1. Where the notice of a meeting of town boards for the purpose of consolidating two school districts, left with the clerk of one of the districts under sec. 40.04, Stats., failed to state the time of the meeting, a finding of the trial judge that due notice was given is supported by evidence that the person serving the notice had with him another paper in which the blanks were properly filled which he read and repeated to the clerk, and establishes the fact that the town boards gained jurisdiction to proceed.

2. Where town boards made an order consolidating school districts, copies of which were filed with the town clerks, county superintendent, and school district clerks, and notice of the first district meeting was made and signed as provided in sec. 40.02, Stats., and such meeting was held and officers elected who filed acceptances, the district was organized on the date of such first meeting, within the meaning of sec. 40.03, providing that a district shall be deemed legally formed when duly organized and exercising the rights and privileges of a district for four or more months and that no appeal or action attacking the legality of the formation of the district shall be taken after such period.

3. Under sec. 40.02, providing that town boards creating or consolidating school districts shall make a "written order," the failure of the individual members of the town boards to sign an order consolidating the districts, duly made and filed, if an irregularity, was not a jurisdictional defect fatal to the organization of the district.

4. Though the statutes must be complied with in acquiring jurisdiction to consolidate school districts, they will not be construed so strictly that unimportant mistakes in subsequent proceedings will defeat the wishes of the communities affected or the purpose for which the statutes were enacted.

APPEAL from a judgment of the circuit court for Jackson county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This is an appeal from a judgment sustaining the action of town boards in consolidating two school districts into one school district, now known as Joint School District No. 5 of the towns of Northfield and Garden Valley, and also sustaining the action of the committee on common schools of said county and the organization proceedings in said consolidated school district. Equitable relief was sought by the plaintiff to set aside the proceedings for the reason that the same did not comply with the statutes.

*Ole J. Eggum* of Whitehall, for the appellant.

For the respondents there was a brief by *Hull & Jedney* of Black River Falls, and oral argument by *E. S. Jedney.*

JONES, J. The most serious objection made by appellant's counsel to the proceedings for the consolidation of the two school districts is that no sufficient notice was given to the clerks of the districts concerned pursuant to sec. 40.04, Stats. Considerable testimony was given relative to the notice given to Mrs. Johnson, clerk of one of the districts. A notice was left with her in which the blanks as to the time of the proposed meeting were not filled. The witness who served the notice explained the circumstances under which the incomplete notice was left, and testified that he had with him another paper in which the blanks were properly filled and which he read and repeated to Mrs. Johnson. There

Kittelson v. Dettinger, 174 Wis. 71.

was some conflict in the testimony on this subject, but the trial judge found that due notice was given of the meeting to the clerks of the districts affected, and that a return of such service was made and filed. This finding is based on ample evidence and establishes the fact that the town boards gained jurisdiction to proceed.

At the time specified in the notice the town boards met for the purpose of considering and determining the matter of the consolidation. At this meeting all the members of the school boards affected by the proposed consolidation were present and arguments for and against the proposal were heard by them. At this meeting the minutes show, and the court found, that it was determined by the two town boards to consolidate the two school districts. The court further found that an order of consolidation of the districts was then made and entered by the town boards and that within ten days copies of the same were filed in the offices of the respective town clerks, with the county superintendent, and also with the clerk of each school district affected. The court further found that on October 7, 1919, the town boards made and signed a notice of the first district meeting of the consolidated school district as provided by sec. 40.02, Stats. The findings state the manner in which the notice was given to all the qualified voters, men and women, of the consolidated district, and the procedure seems to have been in compliance with the statute. The person who served the notice kept a record of the persons notified and made due return thereof and the record and certificate of service were recorded by the district clerk selected at the first meeting and made a part of the permanent records.

On October 30, 1919, the first district meeting of the consolidated school district was held and the three school officers were elected and filed with the clerk their acceptances of the offices, and the acceptances were recorded as part of the permanent records of the meeting. After this other meet-

ings were held from time to time, at which, among other things, levies were made on the taxable property of the joint district for carrying on schools during the current year. A building site was selected and resolutions were passed determining the general plan of the building. Action. was taken to secure a loan of $20,000 from the state trust fund for the building and to levy the necessary taxes therefor.

In this connection sec. 40.03 seems to us important and decisive of the case. The section provides as follows:

"A district shall be deemed organized when any two of the officers elected at its first legal meeting file with the clerk and cause to be recorded in the minutes of such meeting their written acceptance of the offices to which they have been respectively elected or when said officers shall have failed for a period of ten days or more to state their refusal in writing. A district shall also be deemed legally formed when it has been duly organized and has exercised the rights and privileges of a district for a period of four or more months, and no appeal or other action attacking the legality of the formation of such district, either directly or collaterally, shall be taken after such period has expired."

Unless there had been some fatal defect before the acts purporting to organize the district, it was formed on October 30, 1919, the date of the first meeting above mentioned, and it has since exercised the rights and privileges of its organization. This action was commenced May 1, 1920, more than four months afterward. The consolidation of school districts is an important matter. Such districts have very considerable power and the interests of many citizens are affected thereby. The legislature doubtless deemed it important that questions of legality affecting the proceedings should be settled with reasonable dispatch, and assumed that four months would afford sufficient time for bringing actions to test such legality. An appeal under sec. 39.13 from the order of consolidation was taken by one of the inhabitants interested to the committee on

common schools. This was decided January 30, 1920, and the action of the town boards was affirmed. This proceeding was abandoned and had no connection with the present action. In *Application of Clark,* 135 Wis. 437, 115 N. W. 387, this court held that a party was precluded from maintaining his action to question the validity of a proceeding to incorporate a village because he had not commenced it within three months, the statutory limitation. In connection with this phase of the case it is proper to consider an objection made by appellant's counsel that the order of consolidation made by the town boards was not signed by the members. As we have seen, the court found that the order was made and duly filed. The minutes of the meeting show that the vote for consolidation preceding the order was duly taken. The statute, sec. 40.02, does not in terms provide that it shall be signed, but it must be a "written order."

It would doubtless have been better practice if the individual members had signed the order, but since the statute does not so prescribe we are disposed to hold that, if it was an irregularity, it was not jurisdictional, and not fatal to the subsequent proceedings for the organization of the district.

Appellant's counsel have made and ingeniously argued several other objections to the proceedings taken by the town boards and the consolidated district, but we do not consider that the objections go to matters of jurisdiction and it does not seem necessary to consider them. The town boards clearly gained jurisdiction; the proceedings seem to have been conducted fairly; all persons interested had notice and full opportunity to be heard; and so far as the record shows the consolidation was desired by a large majority of those interested. There are many steps prescribed by the statutes in carrying through these proceedings; so many that it would seem to be somewhat remarkable for a layman to conduct one of them from

beginning to end without some clerical or technical errors. Although the statutes must be complied with in acquiring jurisdiction, we are not inclined to construe them so strictly that unimportant mistakes in subsequent proceedings will defeat the wishes of the communities affected or the purpose for which the statutes were enacted. *State ex rel. Taylor v. McKinny*, 146 Wis. 673, 132 N. W. 600.

Counsel for the respondents argued that this action could not be maintained because the appellant had suffered no irreparable injury and because his proper remedy was an appeal to the state superintendent of schools. It is unnecessary to decide these questions.

*By the Court.*—Judgment affirmed.

Owen, J. (*concurring*). I concur in the result solely on the ground that the action was barred by the provisions of sec. 40.03, Stats. I do not think the manner of serving the notice constituted a notice in writing within the meaning of the Statutes. I think it should have been squarely stated in the opinion that the unsigned order of the town boards did not constitute a compliance with sec. 40.02.