STATE EX REL. STROHMAYER, Appellant, vs. MELSTRAND
and others, Respondents.

*September 19—October 16, 1923.*

*Schools and school districts: Organization: Proceedings to test va-
lidity: Limitation of actions.*

1. Since a return to a writ of *certiorari* to test the validity of the
   creation of a joint school district showed that due notice of
   holding the first meeting was given to all entitled thereto,
   jurisdiction to proceed with the creation of the district was
   obtained.
2. The "legal meeting" meant by sub. (1), sec. 40.03, Stats., is
   one called under authority of the law relating to the formation
   of school districts, and may include one in which irregular-
   ities may have intervened; and a "duly organized" district
   means a district organized pursuant to the provisions of law
   relating thereto, though not in all respects regular.
3. Proceedings to contest the validity of the formation of a school
   district, brought after taxes were levied and paid and after
   schools had been maintained nearly nine months, were barred
   by sec. 40.03, Stats.

APPEAL from a judgment of the circuit court for Bay-
field county: G. N. RISJORD, Circuit Judge. *Affirmed.*

*Certiorari* to test the validity of the creation of a joint
school district from territory located in two different towns.
A return to the writ was made showing, among other things,
that notice to all electors of the new joint district of the
first meeting was in fact given but no proof of giving such
notice was filed; that a first meeting was held at which a
clerk, director, and treasurer were elected; that they organ-
ized as a district board and have since functioned as such;
that at such meeting the electors voted taxes on all the ter-
ritory within the joint district for the support of the school
for 1922–1923 in the sum of $5,009.88; that such taxes were
duly collected, paid over to the school treasurer, and that
since the formation of the district three separate schools

State ex rel. Strohmayer v. Melstrand, 181 Wis. 418.

with four teachers had been maintained for nearly nine months before this action was begun. The trial court held that sec. 40.03, Stats., barred the action, and also that relator's laches prevented him from maintaining it. From a judgment entered accordingly the relator appealed.

*John J. Fisher* of Bayfield, for the appellant.

For the respondents the cause was submitted on the brief of *Walsh & Morris* of Washburn.

VINJE, C. J.   Since the return shows that due notice of holding the first meeting was given to all entitled thereto, jurisdiction to proceed with the creation of the district was obtained. So the question arises whether subsequent irregularities in the proceedings can be effectively urged by the relator, who did not question the proceedings till nearly nine months had elapsed.

Sec. 40.03 provides:

"(1) A district shall be deemed organized when any two of the officers elected at its first legal meeting file with the clerk and cause to be recorded in the minutes of such meeting their written acceptance of the offices to which they have been respectively elected or when said officers shall have failed for a period of ten days or more to state their refusal in writing. A district shall also be deemed legally formed when it has been duly organized and has exercised the rights and privileges of a district for a period of four or more months, and no appeal or other action attacking the legality of the formation of such district, either directly or collaterally, shall be taken after such period has expired."

It will be noticed that the statute provides two methods for curing defects in the organization of a district: first, when any two officers elected at the first legal meeting file a written acceptance of their election, or when they have failed for ten days to state their refusal in writing; and second, when it has been duly organized and has exercised the rights and privileges of a district for a period of four or

more months. And then it provides that after the expiration of such four or more months "no appeal or other action attacking the legality of the formation of such district, either directly or collaterally, shall be taken."

Counsel for relator argues that the statute calls for a *legal* meeting and that there can be none such where the statute has not been followed; also that it calls for a *duly* organized district and that there can be none such unless the statute has been complied with. The argument standing alone is plausible, but taken in connection with the purpose of the statute it falls. The statute is a curative one, enacted for the purpose of validating the formation of districts where irregularities have occurred. A proceeding in all respects regular under the statute needs no cure and a district so formed is valid from the date of its organization. It needs no four months to ripen into a valid district. So we see we cannot give the strict technical meaning to the words "legal" and "duly" that counsel suggests, for if we do we reach the absurdity of declaring that a proceeding entirely regular needs a curative statute to make it effective. The "legal meeting" meant by the statute is one called under the authority of the law relating to the formation of school districts and may include one in which irregularities may have intervened. And likewise "duly organized" means a district organized pursuant to the provisions of law relating thereto though not in all respects regular. Only by such a construction can the statute have a meaning and effectuate a purpose, namely, to cure defects in the organization of school districts. The need of such a statute is apparent. This case furnishes a good example of such need. The district was formed, officers were elected and entered upon their duties; taxes were levied and collected; teachers were hired and schools maintained for over eight months before the relator began to question the validity of the formation of the district. The legislature has wisely said: You come too late; four months is ample time for you to make

up your mind in and to commence proceedings if you wish to contest the validity of the formation of the district.

The case of *Kittelson v. Dettinger,* 174 Wis. 71, 182 N. W. 340, might well have been disposed of on the single ground suggested by Mr. Justice OWEN, namely, that the statute had run on the right to maintain the action. It follows that the trial court correctly held that sec. 40.03 barred this action.

It is suggested that ch. 329, Laws of 1923, published July 2, 1923, has dissolved this district. Upon that question we can express no opinion. The law was passed since this action was tried in the court below, and what if any proceedings have been taken under it is not before us.

*By the Court.*—Judgment affirmed.