THE STATE EX REL. TURNER and another, Respondents, vs. BELL and others, Appellants.

*October 4 — October 22, 1895.*

*Constitutional law: Special act for assessment and collection of a tax: Drainage: Certiorari.*

1. Ch. 142, Laws of 1893, repealing ch. 383, Laws of 1889 (an act providing for the drainage of certain lands in Dane county), and providing for the levy of a tax to pay the expenses already incurred thereunder, is a special law for the assessment and collection of a tax, and is therefore void under subd. 6, sec. 31, art. IV, Const. *Warner v. Knox*, 50 Wis. 429, distinguished.
2. Upon *certiorari* the proceedings of boards and corporate bodies in levying a tax may be reviewed and reversed if found void, and the constitutionality of the legislative act under which the proceedings were had may be inquired into and determined.

APPEAL from a judgment of the circuit court for Dane county: GEO. CLEMENTSON, Judge. *Affirmed.*

This is an appeal from the judgment of the circuit court for Dane county upon common-law *certiorari*, setting aside a tax levied by the appellants, as commissioners of drainage

district No. 1 of Dane county, pursuant to ch. 142, Laws of 1893. The appellants were appointed, by the circuit court of Dane county, drainage commissioners, under the provisions of ch. 383, Laws of 1889. The object of this chapter was to provide for the drainage and reclamation of a large quantity of overflowed land in Dane county, and it became the duty of the commissioners to make certain preliminary surveys, and, after hearing the parties interested, to determine whether the health and welfare of the public would be promoted by the consummation of the drainage scheme provided in said chapter, and in case they decided favorably it became their duty to make and adopt plans and specifications of the work, and let contracts for the same, and levy special assessments upon the lands reclaimed, to pay for the work. The hearing was had before the commissioners pursuant to this law, and on October 3, 1890, they made an order deciding in favor of the drainage scheme. Thereafter the commissioners incurred considerable expenses, amounting to nearly $24,000, issued and sold bonds to pay part of these expenses, and on the 25th of November, 1891, filed with the county clerk of Dane county an order and list of lands, and declared the list of lands so made to constitute the drainage district. This order and list of lands was made before the commissioners had determined upon any plans, specifications, or estimates, as required by the act of 1889. Subsequently all of the proceedings of the commissioners after the preliminary order of October, 1890, were set aside as void by the circuit court for Monroe county, because the commissioners had included dry upland in the district, and had classified the land according to acreage, and had attempted to change the limits of the drainage district. This judgment was rendered August 1, 1893, upon the writ of *certiorari* sued out by one Hudson.

In 1893 the legislature of Wisconsin passed an act to provide for the payment of the expenses of the Dane county

drainage commission, and to repeal ch. 383, Laws of 1889, which act was published May 1, 1893, and constitutes chapter 142 of the Laws of 1893. This act provided for the ascertainment of the expenses and liabilities incurred by the drainage commissioners, and attempted to authorize the commissioners to levy a uniform tax upon all the real property within the limits of the district defined by the commissioners in the order of November 25, 1891, and upon personal property of the owners of said real property, to pay said expenses. It appears that said expenses and liabilities were ascertained under the law, and were found to be $23,584.75, and that the drainage commissioners then proceeded to levy a uniform tax as provided by said ch. 142, to pay said expenses, whereupon the relators, who are the owners of real estate within the drainage district, sued out their writ of *certiorari*.

The case was tried in the circuit court upon the return to the writ, upon which the facts appeared substantially as above stated, and the circuit court adjudged all of the proceedings of the commissioners, in attempting to levy a tax under ch. 142 aforesaid, unauthorized and void. From this judgment the commissioners have appealed to this court.

For the appellants there was a brief by *B. J. Stevens, C. N. Gregory, B. W. Jones, G. W. Bird,* and *A. L. Sanborn,* and oral argument by *Mr. Sanborn* and *Mr. Stevens.*

*C. E. Buell,* attorney for certain bondholders, contended, *inter alia,* that the circuit court upon *certiorari* has no jurisdiction to determine the constitutionality of any legislative act of a body possessing legislative powers. *State ex rel. Wiesmann v. Kemen,* 61 Wis. 494, 496; *In re Langley,* 37 id. 377; *In re Wilson,* 32 Minn. 145; *People ex rel. Savage v. Board of Health of N. Y.* 20 How. Pr. 458. See, also, Wood, Mandamus (2d ed.), 148–149; *In re Mt. Morris Square,* 2 Hill, 14; *Duggen v. McGruder,* 12 Am. Dec. 527, and note; *People ex rel. Moore v. New York,* 5 Barb. 43; *People ex*

*rel. Onderdonk v. Queens Co.* 1 Hill, 195; *People ex rel. Agnew v. New York,* 2 id. 9; *People ex rel. Corwin v. Walter,* 68 N. Y. 403; *Robinson v. Sacramento,* 16 Cal. 208; *People ex rel. McDonald v. Bush,* 40 id. 344; *Thompson v. Multnomah Co.* 2 Oreg. 34; *Locke v. Lexington,* 122 Mass. 290.

*Frank M. Wootton,* of counsel, for certain of the bondholders.

For the respondents there were briefs by *Luse & Wait,* and oral argument by *L. K. Luse.*

WINSLOW, J. By subd. 6, sec. 31, art. IV of the constitution, as amended in 1871, the legislature is prohibited from enacting any special or private law for "assessment or collection of taxes." If ch. 142, Laws of 1893, contravenes the terms of this prohibition, it is void. That it is a special law cannot be doubted. The original drainage act of 1889, which this act attempts to repeal, was held to be a special law by this court in *State ex rel. Baltzell v. Stewart,* 74 Wis. 620. If that was a special law, it needs no argument to demonstrate that the act which repeals it must be also a special law. That it is a law for the assessment and collection of a tax seems equally certain. Its whole object and aim is to provide for the levy and collection of a general tax for the purpose of paying the expenses of the drainage commission. If it is not a law for the "assessment and collection of a tax" then it is nothing. How, then, can it fail to come within the prohibition of the constitution?

In reply to this question it is earnestly and ably contended that, because the original drainage act of 1889 was held constitutional, the present act should be so held, because it is an amendment to that act, and the levying of the tax is incidental only. Reliance is placed on the case of *Warner v. Knox,* 50 Wis. 429. In that case a law authorizing the improvement of certain streets in the city of Milwaukee and the levy of a special tax therefor was upheld on the ground

that it was, in effect, an amendment to the city charter, granting corporate powers, and that it was within the power of the legislature under subd. 7 of said sec. 31 of the constitution as it then stood. It was there said that the sixth and seventh clauses of the section must be construed together, so as not to make them conflict, and because the legislature might, under the seventh subdivision, amend a city charter and change or confer corporate powers, such a law was not void because it provided for the levying of a tax to carry such powers into effect. The radical difference between the act under consideration in that case and the one at present involved is apparent at a glance. Had that act repealed the city charter and abolished the corporation, and then provided for the levy of a tax upon the old territory to pay for something which was never a corporate charge, it would bear some resemblance to the present case. The act under consideration does not attempt to confer any rights or powers save the power to levy a tax. It puts an end to the drainage commission for all purposes, save that it keeps it alive for the single purpose of levying a tax. It must be held a special law for the assessment and collection of a tax, and so in conflict with the constitution and void.

There can be no doubt that upon *certiorari* the proceedings of boards and corporate bodies in levying a tax may be reviewed and reversed if found void, although great care should be exercised in the issuance of the writ in such cases, and it is frequently refused on the ground of public inconvenience. Nor can there be any doubt but that the court has power, while inquiring into the validity of an act based upon a law which appears upon the statute book, to inquire into and determine the constitutionality of such law. The inquiry in such cases is primarily as to the power of the board or body to act, and this depends upon the validity of the law under which they claim to act. So that, if the court is to determine the primary question, it must necessarily

pass upon the validity of the law.   The judgment of the cir-cuit court was right.

*By the Court.*— Judgment affirmed.

PINNEY, J., took no part.