State ex rel. Gray vs. Common Council of the City of Oconomowoc.

THE STATE EX REL. GRAY, Appellant, vs. THE COMMON COUNCIL OF THE CITY OF OCONOMOWOC, Respondent.

*November 8 — November 24, 1899.*

*Appealable order: Certiorari: Return: Conclusiveness: Quashing writ: Affirmance: Immaterial error: Presumptions: Municipal corporations: Street sprinkling: Determination as to sufficiency of petition: Costs on appeal.*

1. An order refusing to require amendment of the return to a writ of *certiorari* is not appealable.

2. An appeal from an order will be dismissed unless the appellant has caused the order to be transmitted to the supreme court.

3. The return to a writ of *certiorari* is conclusive upon the relator so far as it is responsive to the writ, and he cannot upon affidavits ob-

State ex rel. Gray vs. Common Council of the City of Oconomowoc.

tain an order in effect adjudging it untrue and requiring amend-ment.

4. After return it is proper to quash a writ of *certiorari* upon facts showing either that the discretionary power of the court to review the proceedings in question ought not to be exercised under the circumstances, or that the proceedings were with full jurisdiction and regularity, so that the writ, if continued to further hearing and judgment, would result only in an affirmance.

5. Although upon a motion to quash a writ of *certiorari* an affirmance of the proceedings under review is irregular, the irregularity is not prejudicial where the writ is quashed because the return shows the proceedings to have been with jurisdiction and regular.

6. Where there is nothing to indicate upon what ground a writ of *certiorari* is quashed, it will be inferred from words of affirmance in the judgment or order that it was quashed because the proceedings were with jurisdiction and regular.

7. Upon *certiorari* to review proceedings of a common council in letting a contract for street sprinkling under a charter provision authorizing them to contract for sprinkling and to assess the cost thereof whenever a petition therefor is presented signed by the designated proportion of the taxpayers within the boundaries set forth in the petition, a return showing that the council, through one of its regular committees, investigated the question whether the petition contained the proper number of signatures, and decided it affirmatively by adopting the committee's report, is conclusive and would justify an affirmance, where the sufficiency of the signatures to the petition was the only question presented.

8. Where several appeals are based on a single notice, costs should be taxed as on a single appeal.

APPEAL from orders of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed as to one order; appeal dismissed as to the others.*

The relator sought, in the circuit court for Waukesha county, to review the proceedings of the *Common Council of the City of Oconomowoc* to make contract for sprinkling of a portion of Summit avenue at the expense of benefited abutting owners. The charter provides that, "Whenever a petition is presented to the common council of said city, signed by at least a majority of all the taxpayers within the

boundaries set forth in said petition . . . whose aggregate amount of taxable property shall exceed one half of all such property within the bounds designated, as appears from the last assessment roll of said city, asking that said street within the bounds so set forth be sprinkled with water," etc., the council shall have power to contract for sprinkling, and to assess the cost thereof. The defect in the proceedings alleged is that the signers of said petition were neither a majority in number, nor had they a majority in amount of the taxable property within the limits covered by the petition. A writ was issued, commanding the common council to certify "all the proceedings, including the petitions for sprinkling, the records of the common council relating thereto, a certified copy of all the taxable property, and the names of the taxpayers within the boundaries of Summit street between Main street and George street as shown by the last assessment roll of the city of Oconomowoc, and a transcript of all the entries and records and all things touching and relating to such petition and the sprinkling of said Summit street."

The common council returned a certified copy of the petitions and of its records, and further returned, in substance, that upon the receipt of said petitions they and their subject were referred to the standing committee on street lighting and sprinkling; that said committee examined the assessment roll for 1896, and personally investigated as to who were the taxpayers along either side of said Summit avenue between Main street and George street, and found, and so reported, that a majority in number of said taxpayers had signed said petition, and that against the signers more than one half of the taxable property was assessed; that they kept no minutes of said investigation, the same being a personal examination on their part, and that none are on file with said proceedings or report, which report was favorable, and that thereupon, in accordance with the rules of that body,

State ex rel. Gray vs. Common Council of the City of Oconomowoc.

the common council granted said petitions; that one of the
subjects referred to said committee was the question of fact
as to who were or were not taxpayers within the limits on
said street, and it was decided by the committee by personal
examination and investigation, which was embodied in their
report.   The council further returned that it had caused an
investigation to be made of the report of said committee,
and of the facts investigated by it, and that they returned
to the writ a list of the taxpayers at the time of presenting
said petition along either side of said street, together with
the amounts assessed against each of them as appears in the
assessment roll of said city, which is a true statement thereof;
and also returned the names of said taxpayers who signed
the petition, together with the amounts assessed against
them (from which it appeared that the signers were a ma-
jority both in number and amount).   They also certified in
their return that the assessment rolls of said city are not a
part of the corporate records of said city, within their con-
trol, and that they have no means of certifying either the
whole or any part thereof to the court.

The relator upon affidavits moved that the return be
amended by adding a large number of people, assessed to a
considerable amount, to the list of taxpayers upon said street
within the limits covered by the petition, and also by add-
ing to such return the assessment roll for the year 1896.
This motion came up upon notice, whereupon the respond-
ent made motion to quash the writ, which was argued at
the same time.   The court rendered and entered an order
or judgment in terms denying the motion for amendment,
granting the motion to quash the writ, and continuing with
the following words: " And it appearing to the court that
the doings and proceedings of the said common council in
regard to the sprinkling of the said street named in said
petition and writ, as appears by the return thereto, are man-
ifestly good and valid in the law, therefore it is determined

State ex rel. Gray vs. Common Council of the City of Oconomowoc.

and, adjudged that the said action and proceeding of the common council in regard to the sprinkling of Summit avenue in said city be, and is hereby, affirmed." Afterward the court, apparently in further reduction to writing of the decision reached on August 30th, to wit, on September 21, 1897, made a written order reciting relator's motion for amendment and denying the same, which order was filed December 11th.

The relator appealed by a single notice: first, from the order dated September 21, and filed December 11, 1897; second, from "that part of the order made in this action by the circuit court, and entered of record on the 10th day of December, 1897, which orders that the motion to quash the writ of *certiorari* in this action is granted;" and, third, from the judgment rendered on the 30th of August. The notice recites that copies of the orders appealed from are attached thereto. None such appear so attached except the order of September 21st denying the motion to amend, and the judgment of August 30th incorrectly copied.

*John A. Kelly*, for the appellant.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

DODGE, J. 1. The order denying the relator's motion to require amendment of the return to the writ of *certiorari* is not appealable. It is neither an order in an action which determines the same and prevents a judgment from which an appeal may be taken, nor, if in a special proceeding, is it a final order. The appeal from that order must be dismissed.

2. The record contains no order which can be in any wise identified with that described in the notice of appeal as entered December 10th. It is not discoverable from the record that any such order was made, but, whether made or not, the appeal therefrom cannot be sustained where appel-

lant has not caused it to be transmitted to this court. The appeal so described in the notice must therefore be dismissed.

3. Upon the appeal from the final order or judgment, which both denies the motion to require an amendment of the return and quashes the writ of *certiorari*, the question arises whether any error was committed in so denying the motion to amend, which question, however, is not one of difficulty. While it may well be within the power of the court to require further return where the commands of the writ are not complied with, or to permit amendment of return at the suggestion of the respondent when it is desired to correct some mistake therein, such a motion as this cannot be entertained. The return purports to be complete in itself, except, perhaps, for the omission of the certified transcript of the assessment roll, as to which, however, it is stated that a certified copy is impossible, as the roll is not in the custody or control of the respondent, and the writ is complied with as far as possible by certifying that the lists attached are correct lists as taken from that roll. The motion is an attempt upon affidavits to traverse the return, and to seek, through the medium of an order, an adjudication that the return is not true in fact, and a requirement that the respondents state the contrary of what they have already certified. This cannot be done. The return imports absolute verity so far as it is responsive to the writ. Harris, Certiorari, §§ 126, 213. The relator who selects *certiorari* as his method of review and remedy subjects himself to having his rights decided upon such statement of facts as the return may make, if so responsive. The scope of the so-called "motion to require amendment" being as stated above, the denial thereof was entirely proper.

The order quashing the writ is fully supported by the return, which shows a petition, found upon investigation by the common council to be made by the necessary number

and amount of taxpayers, a due consideration of the prayer of said petition, and action thereon in accordance with the power conferred on the council by the charter. It further shows that the relator's pecuniary interest in the matter is most trifling. After return, it is proper to quash the writ upon facts showing either that the discretionary power of the court to review the proceedings ought not be exercised under the circumstances (*State ex rel. Clancy v. McGovern*, 100 Wis. 666; *State ex rel. Schintgen v. Mayor of La Crosse*, 101 Wis. 208) or on the ground that the proceedings are with full jurisdiction and regularity, so that the writ, if continued to further hearing and judgment, would result only in an affirmance. It is said in *State ex rel. Cameron v. Roberts*, 87 Wis. 292, 296, that, when the latter fact appears, it is quite immaterial whether the court quashes the writ or affirms the proceedings.

The relator further complains that the order or judgment of August 30th is improper in that, while it quashes the writ, it also in terms adjudges the validity of the common council proceedings, and affirms them. If the writ be quashed upon preliminary considerations which go to its validity or the propriety of its issue, or solely on the ground that facts are not presented to justify the court in reviewing the proceedings at all, it may well be that the regularity of the proceedings is not judicially passed upon, and a judgment affirming the same would differ in effect from a mere order to quash. But where the writ is quashed for the reason that the return shows the proceedings to be with jurisdiction and regular, it is, in effect, a judicial determination of such regularity; and therefore an affirmance (while irregular) could not prejudice the relator, for it would express no more than is expressed in the order quashing the writ. *State ex rel. Cameron v. Roberts, supra; State ex rel. Ennis v. Janesville*, 90 Wis. 157, 160. It is not distinctly apparent here upon which ground the court proceeded, except as it is inferable from

the judgment itself, and since in that judgment the court has included words of affirmance we must presume that the writ was quashed because the return showed the proceedings jurisdictional and regular. No prejudice, therefore, results to the relator from these perhaps unnecessary words, provided jurisdiction and regularity in fact appear.

The only question made upon the proceedings is whether the petition presented was sufficient to confer jurisdiction by reason of signature by the requisite proportion of taxpayers. This question was one necessarily for investigation and decision by the council. *La Londe v. Barron Co.* 80 Wis. 380; *In re Kiernan,* 62 N. Y. 457; Welty, Assessments, § 280. They appear to have investigated it in a manner consistent with the organization of such a body, namely, through one of their regular committees (*State ex rel. Starkweather v. Common Council of Superior,* 90 Wis. 612), and to have decided it affirmatively by adoption of the committee's report. This is conclusive on *certiorari,* and justifies the conclusion that judgment of affirmance would have been proper, and that the words of affirmance contained in the order quashing the writ are not prejudicial to appellant.

The several appeals being based on a single notice, costs should be taxed as on a single appeal. *Nash v. Meggett,* 89 Wis. 486, 497.

*By the Court.*— The appeals from the order dated September 21, 1897, and from the order entered December 10, 1897, are severally dismissed. The order or judgment quashing the writ of *certiorari* is affirmed.