The State ex rel. Heller vs. Fuldner.

THE STATE EX REL. HELLER, Appellant, vs. FULDNER, Clerk, etc., Respondent.

*January 9 — February 1, 1901.*

(1) Certiorari: *Conclusiveness of return.* (2) Taxation: *Board of review: Reduction of valuation.*

1. A return to a writ of *certiorari* imports complete and absolute verity so far as it is responsive to the writ; and neither the allegations of the petition nor of the writ can serve to supply other facts merely because they are not traversed or otherwise met by the return.
2. Where no evidence under oath is given or offered before the board of review upon an application to reduce an assessment, the board has no power to reduce the valuation.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This was a writ of *certiorari* to review the action of the board of review of the town of Greenfield, Milwaukee county, at their regular meeting in July, 1897, in refusing to lower the valuation of certain property of the relator. From the return it appeared that such application was made and was accompanied by a statement from the relator of a comparison between the values of his premises and others, asserting a relative overvaluation, but that no sworn testimony was given or offered upon the hearing, and that the relator made no request to be sworn in giving his statement. The application was denied. From judgment quashing the writ relator brings this appeal.

*Geo. L. Williams*, for the appellant.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas* and *Henderson & Williams*, and oral argument by *F. W. Henderson* and *J. G. Flanders*.

DODGE, J. Notwithstanding the settlement of a bill of exceptions purporting to show what transpired at the hearing when the order quashing the writ was made, there still exists considerable uncertainty and confusion about the grounds on which the court made that order. Apparently, however, the action was predicated on facts arising subsequent to the return; such as that the same assessment had in another action been declared void, and a reassessment been ordered, and that the assessment roll had, long before the hearing, passed out of the possession of the respondent, the town clerk, or perhaps because of the pendency of another action rendering unnecessary the *certiorari* proceeding. An inspection of the return, however, renders it unnecessary to disentangle the somewhat confused transactions which led the court, in the exercise of his discretion, to order the writ quashed. That, of course, cannot prejudice the relator, if it appears by the return that judgment of affirmance should have been entered. *State ex rel. Gray v. Common Council of*

*Oconomowoc*, 104 Wis. 622, 628; *State ex rel. Cameron v. Roberts*, 87 Wis. 292, 296. The facts to which the court must apply the law in reaching a judgment on the merits in *certiorari* proceedings must be found in the return. When that comes in, it imports absolute and complete verity, so far as it is responsive to the writ; and neither the allegations of the petition nor of the writ can serve to supply other facts merely because they are not traversed or otherwise met by the return. *State ex rel. Heller v. Lawler*, 103 Wis. 460, 464. From the return it appears that no evidence under oath was given or offered before the board of review upon the relator's application to reduce his assessment. In the absence of such evidence, the board had no power to reduce the valuation, and their refusal to do so cannot, therefore, have constituted a breach of their duty or an excess of their jurisdiction. *State ex rel. Giroux v. Lien*, 108 Wis. 316. This view is conclusive against reversal of the action of the board of review which the relator assails. Had the writ not been quashed, and had the merits been considered, no relief could have been accorded him. He is, therefore, not prejudiced by the judgment quashing the writ, and, whether such judgment was right or wrong, it should not be reversed on appeal.

*By the Court.*— Judgment affirmed.