STARRY, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 16—June 19, 1902.*

*Criminal law: Justices' courts: Fine and commitment until payment: Limiting time: Jurisdictional errors: Certiorari.*

1. In a sentence, under the statutes, providing for punishment by fine and costs of prosecution and, in case such fine and costs be not forthwith paid, that the prisoner shall be committed to the proper county jail until they are paid or until discharged by

Starry v. State, 115 Wis. 50.

due course of law, the alternative element is primarily a mere means of enforcing the element of punishment, and whether the relation between the two elements be indicated by the word "or" or the word "and," the statutory idea is embodied in the sentence with unmistakable clearness.

2. The provision of sec. 4633, Stats. 1898, requiring the time of the commitment of any person to jail for nonpayment of a fine and costs to be limited and not in any case to exceed six months, applies to every case where such a commitment is authorized under any statute.

3. A writ of *certiorari* is proper only to correct jurisdictional errors.

4. If a justice of the peace renders a judgment which he has no authority to render under any circumstances, he thereby commits a jurisdictional error, remediable by writ of *certiorari*.

5. Since the statute in mandatory terms requires, in case of a commitment to the county jail of a person for nonpayment of a fine and costs, that the time of the detention for such nonpayment shall be limited by the sentence and not exceed six months, a sentence by a justice of the peace wholly disregarding such statute is in excess of his jurisdiction, is illegal, and the error is remediable by writ of *certiorari*.

[Syllabus by Marshall, J.]

Error to review a judgment of the circuit court for Iowa county: Geo. Clementson, Circuit Judge. *Reversed.*

Plaintiff was convicted before a justice of the peace of Iowa county of having violated sec. 1550, Stats. 1898, by selling intoxicating liquor without a license, and sentence upon such conviction was pronounced as follows:

"It is therefore adjudged and determined that the said *Frank F. Starry* do pay a fine of one hundred dollars and the costs of the prosecution taxed at ninety-three dollars and forty-two cents ($93.42), or be committed to the common jail of this county till the said costs and fine be paid, or until he shall be discharged by due process of law."

Plaintiff in error failed to pay the fine and costs and was for that reason committed in due form to the county jail of Iowa county, but the warrant of commitment was not executed. April 2, 1900, a writ of *certiorari* was sued out of the circuit court for said county to review the judgment, plaintiff

in error claiming that it was void for uncertainty and for noncompliance with sec. 4633, Stats. 1898, which requires a justice, in committing a convicted person for nonpayment of a fine and costs, to limit the time of the imprisonment. Such proceedings were taken pursuant to the writ of *certiorari* that the judgment was affirmed. A writ of error was then sued out to bring the judgment and proceedings here for review.

For the plaintiff in error there was a brief by *Spensley & McIlhon,* and oral argument by *Calvert Spensley.*

For the defendant in error there was a brief by the *Attorney General,* and oral argument by *C. E. Buell,* first assistant attorney general.

MARSHALL, J. It is claimed that the sentence is void for uncertainty; that it is in the alternative so that plaintiff in error could not know whether his punishment was payment of a fine of $100 and the costs of the prosecution, or confinement in the county jail for an indefinite term. Reliance is placed upon *State v. Haas,* 52 Wis. 407, 9 N. W. 9. There the sentence was that the prisoner should pay a fine of a specified amount or be confined in the county jail for fifty days. The decision rested on the fact that there was an independent provision of law authorizing punishment by a fine and costs, and another such provision authorizing punishment by confinement in the county jail for a specified term, and that the two parts of the sentence were stated in the alternative form. The latter feature is present in the sentence before us, but not the former. Only one kind of punishment authorized by the statute under which the prosecution was had (sec. 1550, Stats. 1898) is referred to in the sentence, notwithstanding it is worded in the alternative instead of the conjunctive form as the statute requires. That part of such section material to be considered is as follows:

"Shall be punished therefor by a fine of not less than fifty dollars nor more than one hundred dollars, besides the costs

of suit; or in lieu of such fine by imprisonment in the county jail of the proper county not to exceed six months nor less than three months; and in case of punishment by fine as above provided such person shall, unless the fine and costs be paid forthwith, be committed to the county jail of the proper county until such fine and costs are paid or until discharged by due course of law."

No provision is made, it will be seen, for confinement in the county jail in case of punishment by fine, except in connection therewith, and not as a part of the punishment, strictly speaking, but as a means of enforcing payment of the fine and costs—that is, of making the element of punishment effective. The sentence here varies from the wording of the statute, as before indicated, only in the use of the word "or" in place of "and." The meaning would be the same whether the one word or the other were used. In either case the punishment inflicted would be the fine and costs, and the commitment to the county jail would be a mere means of enforcing payment, and of course would terminate instantly upon that being made. So, if we look to sec. 1550 by itself, no serious difficulty in the sentence is perceived. It follows the language thereof in every essential particular.

It is further contended that the justice had no jurisdiction to commit the plaintiff in error to the county jail for an indefinite time upon his failing to pay the fine and costs, because sec. 4633, Stats. 1898, expressly prohibits such commitments. The language thereof is as follows:

"When a fine is imposed as the whole or any part of the punishment for any offense by any law the court shall also sentence the defendant to pay the costs of the prosecution and the costs incurred by the county at request of the defendant, and to be committed to the county jail until the fine and costs are paid or discharged; but the court shall limit the time of such imprisonment in each case, in addition to any other imprisonment, in its discretion, in no case, however, to exceed six months."

That is plain. There is no room for argument but that it
applies to sec. 1550. The words "by any law" render sec.
4633 as clearly a part of every enactment providing for
punishment, in whole or in part, by a fine, as if its language
were embodied therein. It was so considered in *Hepler v.
State,* 58 Wis. 46, 16 N. W. 42, where it was insisted that a
sentence under sec. 1550, as governed by sec. 4633, was fatally
indefinite because the commitment to enforce payment of a
fine and costs was not for a time certain instead of till pay-
ment should be made not exceeding a specified time, and it
was held that there was no indefiniteness in the sentence,
since it was in the power of the prisoner to terminate his
confinement by complying with the terms thereof as to pay-
ment of the fine and costs at any time.

It follows from what has been said that the justice had no
power under any circumstances to legitimately render such a
judgment as the one complained of. But it is said, on behalf
of the state, that since the justice had jurisdiction of the
person of the defendant and the subject matter involved in
his prosecution, the rendition of an improper judgment was
not a jurisdictional error remediable by a writ of *certiorari*
even though it was such a judgment as the justice had no
authority under any circumstances to render, citing *In re
Graham,* 74 Wis. 450, 43 N. W. 148; *S. C.* 76 Wis. 366, 44
N. W. 1105. True, such is the doctrine of this court as re-
gards criminal cases removed to this court for review, as to
errors in the trial court occurring after verdict. It seems
somewhat out of harmony with the general rule that the entry
of any order or judgment by a court, which it has no author-
ity under any circumstances to enter, is jurisdictional error.
*In re Rosenberg,* 90 Wis. 581, 63 N. W. 1065, 64 N. W. 299.
However, it was early laid down as a rule of necessity, in
order to save the justice of the state in criminal proceedings
from being entirely defeated through illegalities in proceed-
ings after verdict affecting the judgment, that the jurisdiction

of a court of general jurisdiction is presumed to continue
over a criminal case after verdict till the rendition therein
of a proper judgment; that in the event of an illegal judgment
being rendered, there being a verdict which will support a
valid judgment, regardless of the grounds of illegality, upon
its reversal in this court the prisoner will not be discharged,
but the cause will be sent to the trial court for the rendition
of a proper judgment. That was held in *Benedict v. State,*
12 Wis. 313, the doctrine being justified by the practice in the
court of King's Bench and the spirit of the statute, which
provides that, whenever this court shall reverse any judgment
in a criminal action upon writ of error, because of any defect,
illegality, or irregularity in the proceedings subsequent to the
rendition of the verdict of the jury therein, it shall be com-
petent for this court "either to pronounce the proper judg-
ment or to remit the record to the court below in order that
such court may pronounce the proper judgment." Sec. 2412,
Stats. 1898. *In re Graham, supra,* was ruled by *Benedict v.
State* and subsequent cases. Neither the practice in the court
of King's Bench nor the spirit of the statute cited can be
pointed to as a justification for treating a clear excess of
jurisdiction by a justice of the peace as mere judicial error.
It is elementary that a justice of the peace must keep strictly
within the powers delegated to him by law, and that his acts
outside thereof are nullities. As early as *Stokes v. Knarr,* 11
Wis. 389, it was held that error of a justice of the peace in a
civil case, in rendering a judgment which he has no authority
to render under any circumstances, though at the time thereof
the cause is ready for a proper judgment, goes to his jurisdic-
tion and may be reached by *certiorari.* The same rule was
applied in *Hepler v. State,* 58 Wis. 46, 16 N. W. 42, and it is
in accordance with well-settled principles.

The attorney general suggests that the plaintiff had a right
of appeal, and that where such right exists *certiorari* will not
lie. True, a writ of *certiorari* lies only to correct jurisdic-

tional errors, but it by no means follows, because a judgment may be removed from a justice of the peace by appeal, that it cannot also be challenged by *certiorari*. Many situations might be suggested where a justice's judgment would be held void and subject to reversal on *certiorari* for jurisdictional defects, yet the way be open to remove the cause to a higher court by appeal. If the latter method in such a situation be resorted to, it will not reach the jurisdictional defect, but will waive it. *Hepler v. State, supra.* Upon the theory advanced by the attorney general, a person against whom an illegal judgment is rendered in justice's court cannot have it judicially condemned for the illegality, since he may appeal and have the cause retried, notwithstanding that course would waive the jurisdictional defect; that is, a person so circumstanced cannot have relief except by waiving the very defect of which he complains. The mere statement of the proposition renders argument to demonstrate its unsoundness unnecessary. One cannot take advantage of a jurisdictional defect to secure condemnation of a judgment in a case of this kind by appeal, or in any other way than by a proceeding to nullify the judgment as void; and *certiorari* is obviously a proper way to accomplish that.

*By the Court.*—The judgment of the circuit court, affirming the judgment rendered by the justice, is reversed, and the cause remanded with directions to reverse the justice's judgment and release the plaintiff in error.