STATE EX REL. WASSERMAN, Appellant, vs. O'BRIEN, City Manager, Respondent.

*March 5—April 1, 1930.*

The cause was submitted for the appellant on the brief of *L. E. Vaudreuil,* attorney, and *R. V. Baker,* of counsel, both of Kenosha, and for the respondent on that of *Roy S. Stephenson,* city attorney of Kenosha, and *Chester D. Richardson,* assistant city attorney.

STEVENS, J. (1) Relator had no right to offer oral proof on the trial of the issues presented by this action. "The relator who selects *certiorari* as his method of review and remedy subjects himself to having his rights decided upon such statement of facts as the return may make, if so responsive." *State ex rel. Gray v. Oconomowoc,* 104 Wis. 622, 627, 80 N. W. 942. The return "imports absolute and complete verity, so far as it is responsive to the writ; and neither the allegations of the petition nor of the writ can serve to supply other facts merely because they are not traversed or otherwise met by the return." *State ex rel. Heller v. Fuldner,* 109 Wis. 56, 58, 85 N. W. 118.

The office of the writ may be so enlarged by legislation as to permit the taking of oral testimony upon the trial of the action. But in the absence of such statutory enlargement of the functions of the writ, the court is confined to a consideration of the facts stated in the return. Relator asserts that sub. (g), (h), and (i) of sub. (8) of sec. 62.23 of the Statutes gave him the right to offer oral proof in the circuit court. It will be noted that these statutes apply to a writ of *certiorari* directed to the board of appeals which is created by this statute. This statute confers no right to offer oral proof in this case, because the writ is directed to the city manager, not to the board of appeals.

(2) The ordinance under which the application for the license was made required that the application should state the name and address of the owner of the property on which it was proposed to slaughter animals. The application was made on behalf of "Max Wasserman, owner," and the license was issued to Max Wasserman. The return states that "Max Wasserman has never at any time been the owner of said premises or any part thereof," and that, if the defendant "had been advised or known that said Max Wasserman was not the owner of the premises," he would not have issued the permit to him or to any person except the owner of the premises.

The requirement that the application should disclose the ownership of the property is a reasonable regulation of the slaughtering of animals, which is a business of such a character that it may properly be subjected to regulation by the public. The failure to comply with this requirement constituted a sufficient ground for the revocation of the license.

*By the Court.*—Judgment affirmed.