STATE EX REL. GOLDSMITH BUILDING COMPANY, Appellant,
vs. BOLAN and others, Respondents.

*September 12—October 9, 1951.*

For the appellant there was a brief by *B. F. Saltzstein, Aaron D. Levine,* and *Howard G. Brown,* all of Milwaukee, and oral argument by *Mr. Brown.*

For the respondents there was a brief by *Walter J. Mattison,* city attorney of Milwaukee, and *Harry G. Slater,* first assistant city attorney, and oral argument by *Mr. Slater.*

GEHL, J.   The only witnesses who testified as to the value of the property were Mr. Ehrbach, the assessor, and Edward Bielefeld, one of the members of the research and appraisal division of the tax commissioner's office.   The former placed a value of $212,000 upon the property; the latter arrived at a value of $175,000.   The relator makes a vigorous attack upon the testimony of these witnesses, contending in the case of that of Mr. Ehrbach, that his testimony is not consistent with determinations earlier made by him, and with respect to that of both, that their conclusion is not based upon a proper study and analysis of the factors to be considered in determining value.   Our conclusion makes it unnecessary for us to treat with this attack.

Relator relies upon the rule that the decision of the board of review must be based solely upon the evidence before it; that the board had no alternative but to find the value of the

property to be $100,000, fixed by Mr. Ehrbach in 1947 and 1948, or to accept the value of $175,000 or $212,000 placed upon it for the year 1949 by the two witnesses heard by the board. It cites *State ex rel. Kimberly-Clark Co. v. Williams,* 160 Wis. 648, 152 N. W. 450, to the point that a board may not follow its own opinion on values and ignore the sworn testimony produced. If it were not for the fact that relator has failed to show that it has been prejudiced by the action of the board we would be compelled to consider this contention. It cannot complain of the determination for the reason that it received a decision most favorable to it under the facts of the case.

A writ of certiorari is not one of right, but is granted in the sound discretion of the court. The petitioner is not entitled to relief unless he has sustained an injury from the ruling in the proceeding sought to be reviewed. 10 Am. Jur., Certiorari, p. 530, sec. 6; 14 C. J. S., Certiorari, p. 198, sec. 50; *State ex rel. Hallauer v. Gosnell,* 116 Wis. 606, 93 N. W. 542; *Knapp v. Heller,* 32 Wis. 467, 469. In the latter case it was said that an action of certiorari to review the proceeding of a board of review "is quite analogous to a proceeding in equity to set aside a tax [as was *McIntyre v. White Creek,* 43 Wis. 620], where the court inquires whether any injustice has been done, and whether there is any equitable ground for interference. If there is not, the court will decline to interfere in the matter."

Conceding, as it does, that the board might properly have placed a value of $212,000 or $175,000 upon the property, and considering also that the board had before it no evidence to sustain a finding of a lesser value, the relator cannot successfully contend that an assessment of $150,000 results in an injustice to it.

*By the Court.*—Judgment affirmed.