Dieterich, J.
 

 On June 30, 1958, a petition was filed with the clerk of the town of Grafton for detaching the entire area of Grant School District No. 4 of the town of Grafton and attaching the territory to Jefferson Joint School District No. 1 of the village and town of Grafton, Ozaukee county.
 

 Pursuant to sec. 40.06, Stats., a public hearing was held. The town board of supervisors of the town of Grafton and the board of trustees of the village of Grafton met and jointly acted on the petition by entering an order dated August 29, 1958, by which only a portion of Grant School
 
 *428
 
 District No. 4 was annexed to and consolidated with said Jefferson Joint School District No. 1.
 

 It is the contention of the appellant that a separate order prior to the one above described was also entered denying the original petition which exhausted the jurisdiction of the village and town board. An appeal was taken to the state superintendent of public instruction by those who were dissatisfied because the entire Grant School District had not been attached to the Jefferson Joint School District. We have taken judicial notice of the entire file in the office of the state superintendent of public instruction. In such file is a copy of the official minutes of what transpired at the meeting of August 29, 1958. From these minutes it appears that one order and not two were entered on August 29, 1958. Such order of August 29, 1958, by attaching only a portion of the Grant School District, had the effect of denying that part of the petition which requested that the entire district be attached.
 

 On January 20, 1959, an informal conference was held by the state superintendent of public instruction concerning the appeal to his office by the Jefferson Joint School District No. 1 of the village and town of Grafton. This hearing resulted in a finding of fact and an order. It stated that only the action by the two boards, the municipal boards of the village of Grafton and town of Grafton, as to the denial of the petition be considered. By an order dated January 26, 1959, the state superintendent of public instruction found that the two boards did not err in denying the petition to detach all of Grant School District No. 4 of the town of Grafton and attach same to the Jefferson Joint School District No. 1. Consequently, the appeal from said denial was dismissed.
 

 The writ of certiorari was issued out of the circuit court for Ozaukee county on October 26, 1959, directed to the
 
 *429
 
 clerks of the two municipal boards of the town of Grafton and village of Grafton alleging that no petition for the detachment of the territory affected by the order of August 29, 1958, was filed; that a public hearing was not held on the petition filed June 30, 1958; and that no notice was given nor was a hearing held pursuant to the order of August 29, 1958.
 

 Notices of motion to supersede and quash writ of certiorari were served, to be heard on December 4, 1959. An order dated March 9, 1960, issued from the circuit court for Ozaukee county ordered the writ of certiorari superseded and quashed. This appeal is from that order.
 

 The only issue before this court is whether the circuit court abused its discretion in superseding and quashing the writ of certiorari.
 

 A writ of certiorari is not regarded as one of right but rather as one which is discretionary with the court in order to promote the ends of justice as effectively as possible. Special cause must be shown to the court to which application is made in order for the writ to issue. The particular grounds upon which the showing must be made rest with the court in the exercise of sound discretion. In the absence of special statutory provisions it is well settled that before the court will grant a writ of certiorari, it must appear that: (1) There has been some error committed, (2) the error has caused substantial harm, and (3) the petitioner has been guilty of no laches in seeking his remedy.
 

 The trial court quashed the writ of certiorari stating that sec. 40.18, Stats., barred the petitioner’s action. Sec. 40.18 provides as follows:
 

 “School district; validation; lost records. (1) If a district has exercised the rights and privileges of a school district for a period of
 
 four months, no appeal or other action attacking the legality of the formation of such district, either directly or indirectly, shall be taken.
 
 [Italics supplied.!
 

 
 *430
 
 “(la) This section shall be liberally construed to effect the legislative purpose to validate and make certain the legal existence of all school districts in the state of Wisconsin, however created or reorganized, and to bar every right to question the existence thereof in any manner and to bar every remedy therefor notwithstanding any and all defects and irregularities, jurisdictional or otherwise, after the expiration of such four-month period except where some action or proceeding has been commenced within such four-month period.
 

 “(2) If the order creating a school district'and the record thereof is lost or destroyed, the order may be restored, filed, and recorded by the same authority and procedure as an original order of like character would be presently made, filed, and recorded and shall be presumptive evidence of the regularity of all prior proceedings pertaining thereto, of the legality of the formation of such district, of the boundaries thereof, and of the loss or destruction of the record of its formation. Parties aggrieved by any order made under this section may appeal to the state superintendent within thirty days.”
 

 The petitioner, as clerk of Grant School District No. 4 of the town of Grafton, did not state in his petition that he had no notice of the August 29, 1958, order. It is clear that he did receive a copy of the finding of fact and order of the state superintendent of public instruction regarding the order for reorganization dated January 26, 1959, because as clerk of Grant School District No. 4, the petitioner took part in the proceeding — the informal conference held in Port Washington on January 20, 1959, with the state superintendent of public instruction. He cannot avoid the purpose and the intent of the statutes when the statutes specifically state that if a district has exercised the rights and privileges of a school district for a period of four months no action or appeal shall be taken. Since the two school districts took part in the January 20, 1959, conference with the state superintendent of public instruction, each district
 
 *431
 
 therefore exercised the rights and privileges of a school district for a period of more than four months before the petition for the writ was executed. Petitioner had, by statute, four months from the date of the order of August 29, 1958, in which to commence a proceeding. He did not petition within the four-month period, but waited until October 26, 1959, some fourteen months later.
 

 It might be argued that the taking of an appeal by the Jefferson Joint School District No. 1 from the order dated August 29, 1958, to the state superintendent of public instruction, stayed the order of reorganization until the appeal had been determined pursuant to sec. 40.025 (5), StatsV, and that said four-month period to appeal should run from the date of the superintendent’s order dated January 26, 1959. If this is correct, the four-month'period would run from January 26, 1959, rather than August 29, 1958. This later date will not permit the. writ to prevail, inasmuch as the writ was issued on October 26, 1959, some nine months after the superintendent of public instruction issued the order on January 26, 1959.
 

 The court stated in
 
 State ex rel. Strohmayer v. Melstrand
 
 (1923), 181 Wis. 418, 420, 195 N. W. 314:
 

 “The legislature has wisely said: You come too late; four months is ample time for you to make up your mind in and to commence proceedings if you wish to contest the validity of the formation of the district.”
 

 The petition for the writ contains no statement that any error committed caused substantial harm, nor does the petition state the petitioner has been guilty of no laches ih seeking his remedy. ; 1 ' ''
 

 Under sec. 40.06 (3) (a), Stats., he had a right)to appeal to the state superintendent of public, instruction from the date- of mailing of the order dated August 29, 1958,. Sec. 40.06 (3) (a), provides:
 

 
 *432
 
 “Any person aggrieved by an order made under thi.s section may appeal to the state superintendent within thirty days following the date of mailing of such order as provided in sec. 40.025 (5). If action adverse to the making of an order of reorganization is taken by town or village boards or city councils, whether acting alone or jointly, at or following a hearing upon a petition for such reorganization, any person aggrieved by such adverse action may appeal to the state superintendent within thirty days following the date of such action. If no order of reorganization is filed within sixty days after the filing of a petition therefor any person aggrieved may appeal to the state superintendent within ninety days after the filing of the petition and such appeal may be taken notwithstanding any other provision for appeal in this paragraph. No appeal hereunder to the state superintendent may be withdrawn.”
 

 Jefferson Joint School District No. 1 appealed from the order denying the petition by the boards of the town ■ and village of Grafton within the permissible thirty days and there was nothing to prevent the appellant from doing likewise. The appellant failed to avail himself of such an opportunity. The fact that Jefferson Joint School District No. 1 appealed under this section of the statute would in no way bar an appeal by another person feeling himself aggrieved.
 

 Had the appellant appealed to the state superintendent of public instruction under sec. 40.06 (3) (a), Stats., and had he still felt aggrieved by order of the state superintendent of public instruction, he would have had a right of appeal under sec. 40.06 (3) (c) to the circuit court for Ozaukee county. Sec. 40.06 (3) (c) provides:
 

 “Any person aggrieved by any order of the state superintendent issued under this section may appeal therefrom to the circuit court of any county in which any territory of the reorganized district lies. A written notice of appeal stating specifically the grounds upon which said appeal is based shall be served on the state superintendent and filed with the clerk of the court all within thirty days from the
 
 *433
 
 date certified copies of his order are mailed as provided in sec. 40.025 (5). Such service and filing thereof shall constitute perfection of the appeal.”
 

 This appeal to the circuit court under this section of the statute would be for the purpose of reviewing jurisdictional matters. See
 
 School Dist. v. Callahan
 
 (1941), 237 Wis. 560, 578, 579, 297 N. W. 407. The appellant is correct when he states that no appeal lies to the state superintendent of public instruction to review error in jurisdiction. However, once the state superintendent of public instruction issued his order of January 26, 1959, the appellant could then have appealed to the circuit court for Ozaukee county, and this appeal would have been for the purpose of determining whether there was jurisdiction and whether or not there was an unlawful abuse of power. See
 
 Perkins v. Peacock
 
 (1953), 263 Wis. 644, 657, 658, 58 N. W. (2d) 536.
 

 The appellant failed to avail himself of the legal remedies at his disposal and attempts to circumvent procedures available to him by this writ of certiorari. See
 
 State ex rel. Badtke v. School Board
 
 (1957), 1 Wis. (2d) 208, 83 N. W. (2d) 724.
 

 The order of the circuit court for Ozaukee county superseding and quashing the writ of certiorari is affirmed.
 

 By the Court.
 
 — Order affirmed.