STATE EX REL. HIPPLER, Appellant, v. CITY OF BARABOO and others, Respondents.

*No. 292. Argued June 2, 1970.—Decided June 26, 1970.*
(Also reported in 178 N. W. 2d 1.)

---

[4] *See generally: Robert A. Johnston Co. v. Industrial Comm.* (1943), 242 Wis. 299, 7 N. W. 2d 854.

604

For the appellant there was a brief by *Conway & Conway* of Baraboo, and oral argument by *Vaughn S. Conway*.

For the respondents there was a brief and oral argument by *Robert L. Greenhalgh*, city attorney.

BEILFUSS, J. We believe two principal issues are presented:

1. Is the common council's action in adopting the assessment emergency resolution and employing an expert to assist subject to judicial review by writ of certiorari?

2. If the council's action can be judicially reviewed, is there a rational basis for such action?

In the early months of 1968 a petition, directed to the mayor and common council of Baraboo asking for a reassessment of all the taxable real and personal property of the city, was circulated and signed by a substantial number of taxpayers and filed with the city council. This was an attempt to have a reassessment pursuant to sec. 70.75, Stats.[1] It is conceded by all parties that the petition was of no legal effect because of failures to comply with statutory formalities.

The assessment emergency statute, sec. 70.055, Stats., provides, in part, as follows:

"**Assessment emergency; expert help.** Whenever the governing body of any town, village or city determines that an emergency exists in the assessment of the property of the taxation district and deems it necessary, after consultation with and approval by the department of taxation, to employ expert or additional clerical or other help to aid in making an assessment in order that such

[1] Sec. 70.75 (1), Stats., provides in part: "REASSESSMENTS, HOW MADE. Whenever it satisfactorily appears to the department of taxation upon written complaint made by the owners, or their legal representatives, of taxable property in any taxation district, other than an assessment district within the corporate limits of any city of the first class, the aggregate assessed valuation of which is not less than 5 per cent of the assessed valuation of all of the property in such district, according to the assessment sought to be corrected and upon full investigation, that the assessment of property in such taxation district is not in substantial compliance with law and that the interest of the public will be promoted by a reassessment thereof, said department may order a reassessment of all or of any part of the taxable property in such district to be made by one or more persons to be appointed for that purpose by said department. . . ."

assessment may be equitably made in compliance with law, such governing body may employ such necessary help as is approved by the department of taxation and at such compensation as is likewise approved. . . ."

On November 12, 1968, and November 26, 1968, the common council adopted two resolutions pursuant to sec. 70.055, Stats. They are as follows:

**"Assessment emergency resolution No. 1**
"Whereas, an emergency exists in the assessment of the property of our City which, in our judgment, the assessor cannot meet without assistance.

"Be it resolved that the Mayor consult at once with the Department of Revenue, explain the situation to such body, and ask it to approve the hiring by this body of additional and expert help under the provisions of Section 70.055 of the Statutes to aid it in making the 1969 assessment of the district in order that an equitable assessment may be made in compliance with law.
". . . ."

**"Assessment emergency resolution No. 2**
"Whereas, an emergency exists in the assessment of the property of our taxation district, and a resolution was duly adopted by this body on the 12th day of November, 1968, setting forth that such an emergency existed and authorizing the Mayor to consult with the Department of Taxation, explaining the situation, and ask it to approve the hiring by this body of such additional and expert help as deemed necessary to aid the assessor in making an equitable and lawful assessment of the taxation district, and,

"Whereas, the said Mayor has consulted with the Department of Taxation and after said consultation the City Council wish to proceed with providing assistance for the assessor in order that an equitable assessment be made in compliance with law for the year 1969,

"Now, therefore, be it resolved, contingent upon the approval of the Department of Taxation under authority conferred by Section 70.055, that:

"James R. Laird Co. of Appleton, Wisconsin be employed as expert help at a compensation of $27,500.00.
". . . ."

Copies of the resolutions were sent to the department of revenue,[2] and pursuant to the resolution the mayor consulted with the department. The department of revenue, by its order dated January 7, 1969, acknowledged receipt of the resolutions and request of approval to employ expert help; it also acknowledged an emergency existed and that James R. Laird Company would assist in the assessment for the year 1969 for compensation of $27,500. The department then ordered that the city be authorized to employ the James R. Laird Company to assist and act together with the assessor in the assessment for 1969.

The assessment for 1969 was made, tax rolls assembled, and adjourned meetings of the board of review scheduled. Thereafter the relator, Agnes L. Hippler, obtained the writ of certiorari.

The relator-appellant contends that certiorari is a proper remedy and that the trial court erroneously concluded that it lacked power to review the action of the common council.

If the relator was seeking only to review the action of the board of review there would be no question of the propriety of certiorari as a remedy under sec. 70.47 (9a), Stats.,[3] because certiorari is denominated the proper vehicle for appeal from a decision of the board of review. The action challenged here is that of the city council's declaration of emergency and the employment of an expert to assist the assessor. The statute under considera-

[2] The department of revenue is the successor of the department of taxation and the titles are used interchangeably in the opinion.

[3] "APPEAL. Except as provided in s. 70.85, appeal from the determination of the board of review shall be by writ of certiorari to the circuit court and shall be placed at the head of the circuit court calendar for an early hearing. No such writ shall issue unless the petition therefor is made to the circuit court within 90 days after the board shall have adjourned sine die."

tion here (sec. 70.055) does not provide for court review, therefore certiorari, as a means of review, is governed by principles of common law.

In *Consolidated Apparel Co. v. Common Council* (1961), 14 Wis. 2d 31, 109 N. W. 2d 486, a writ of certiorari was sought in the circuit court to challenge a special assessment made by the Milwaukee Common Council. The relator asked that the court declare invalid and void the entire proceedings because of alleged illegalities in procedure. The particular assessments had been made under the "Kline Law" (ch. 275, Laws of 1931), which included appeal provisions for reviewing only the amount of benefit or damages arising out of the assessment. The court determined certiorari was a proper method of review because appeal was not possible under the statute to challenge the validity of the entire proceeding.

After reaching this conclusion Mr. Justice CURRIE, speaking for the court, then went on to summarize the propriety of certiorari at page 36:

"The writ of certiorari is not one of right, but is granted in the sound discretion of the court. *State ex rel. Goldsmith Bldg. Co. v. Bolan* (1951), 259 Wis. 460, 462, 49 N. W. (2d) 409; *State ex rel. Hallauer v. Gosnell* (1903), 116 Wis. 606, 619, 93 N. W. 542; 10 Am. Jur., Certiorari, p. 530, sec. 6; 14 C. J. S., Certiorari, p. 198, sec. 50. In the absence of special statutory provisions it is well settled that, before the court will grant a writ of certiorari, it must appear that: (1) There has been some error committed, (2) the error has caused substantial harm, and (3) the petitioner has been guilty of no laches in seeking his remedy. *State ex rel. Damerow v. Behrens* (1960), 11 Wis. (2d) 426, 429, 105 N. W. (2d) 866; 10 Am. Jur., Certiorari, p. 531, sec. 6." [4]

In an early Wisconsin case challenging a tax levied by Dane county drainage commissioners, *State ex rel. Turner v. Bell* (1895), 91 Wis. 271, 275, 276, 64 N. W. 845, the

[4] *See also: Perkins v. Peacock* (1953), 263 Wis. 644, 655, 58 N. W. 2d 536.

office of certiorari was characterized in terms of the corporate entity's power to act:

"There can be no doubt that upon certiorari the proceedings of boards and corporate bodies in levying a tax may be reviewed and reversed if found void, although great care should be exercised in the issuance of the writ in such cases, and it is frequently refused on the ground of public inconvenience. Nor can there be any doubt but that the court has power, while inquiring into the validity of an act based upon a law which appears upon the statute book, to inquire into and determine the constitutionality of such law. The inquiry in such cases is primarily as to the power of the board or body to act, and this depends upon the validity of the law under which they claim to act. So that, if the court is to determine the primary question, it must necessarily pass upon the validity of the law."

A limitation on the scope of matters considered on certiorari was further delineated in *State ex rel. Badtke v. School Board* (1957), 1 Wis. 2d 208, 209, 210, 83 N. W. 2d 724:

"Certiorari lies only to review questions of jurisdiction or power of the body whose decision is in question. Exercise of either legislative or judicial discretion is not reviewable. *Starry v. State* (1902), 115 Wis. 50, 90 N. W. 1014; *State ex rel. Milwaukee Medical College v. Chittenden* (1906), 127 Wis. 468, 107 N. W. 500."

It has long been a fundamental principle of Wisconsin jurisprudence that the actions of administrative bodies are subject to judicial review. Yet, there has been considerable dispute over whether the statutory means of appeal are the exclusive means of review of such matters. In summarizing the utility of certiorari to review these proceedings in certain instances, this court said in *State ex rel. Kaczkowski v. Fire & Police Comm.* (1967), 33 Wis. 2d 488, 500, 501, 148 N. W. 2d 44, 149 N. W. 2d 547:

"Where the legislature provides for a final and conclusive judicial review of the action of a board, commission

or other nonjudicial body, the courts have jurisdiction to review by certiorari only those strictly legal questions which were not or could not have been raised by way of the judicial review proceeding provided by the legislature.

"*State ex rel. Ball v. McPhee* (1959), 6 Wis. (2d) 190, 199, 94 N. W. (2d) 711, dealt with the scope of review in certiorari from an order of the Wisconsin Board of Regents of State Colleges discharging a teacher. The statute in question (sec. 37.31 (1)) provided that the 'action and decision of the board in the matter shall be final.' The court held that the action of the board was subject to review by certiorari and that the review was limited to the following:

" ' ". . . (1) Whether the board kept within its jurisdiction; (2) whether it proceeded on correct theory of the law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question." '

"The *Ball Case,* and the *Wasilewski* and *Guglin Cases* cited in footnote 1 all stand for the rule that where there are no statutory provisions for judicial review the action of a board or commission may be reviewed by way of certiorari.

"Whether alleged error by a nonjudicial body is 'jurisdictional' or 'not according to law' so that it may be reviewed by 'certiorari' depends in part on whether the error could be challenged by way of an exclusive review procedure provided by the legislature."

The respondents here argue there are at least three alternative remedies available to the relator aside from certiorari. Reference is made to sec. 70.47 (9a), Stats., which provides for appeal from the determination of the board of review; reference is also made to sec. 70.75, quoted above, which provides for reassessment upon petition of a percentage of certain landowners, and to sec. 74.73 which provides any person aggrieved by the levy and collections of any unlawful tax may file a claim or maintain an action for its recovery.

None of these alternatives urged by respondents provide a method of challenging the validity of the common council's entire proceeding in which the emergency resolutions were passed. This challenge to the validity of the resolutions in question falls within the purview of *Consolidated Apparel Company, supra,* in the sense there is no direct statutory method of attack available to challenge the validity of the emergency resolutions aside from certiorari.[5] Moreover, it appears the three requirements for issuance of a writ set forth in *State ex rel. Damerow v. Behrens* (1960), 11 Wis. 2d 426, 429, 105 N. W. 2d 866, have been met: (1) That there has been some error committed, (2) the error has caused substantial harm, and (3) the petitioner has been guilty of no laches in seeking her remedy. There is an allegation that the common council acted arbitrarily, and with no rational factual basis for its declaration of emergency. It is further alleged the adoption of these resolutions directly injured the property rights of the relator. Although the petition for a writ of certiorari was not filed until November 10, 1969, nearly one year after the adoption of the resolutions of November 12, 1968, and November 26, 1968, it was filed very shortly after the 1969 assessment roll was prepared and submitted for hearings by the board of review. Therefore, the relator does not appear guilty of laches in making her application.

The relator does not contend that judicial inquiry can be used to upset the legislative discretion of the city council. To do so on this writ of certiorari would be a clear violation of the rule of *State ex rel. Turner v. Bell, supra; State ex rel. Milwaukee Medical College v. Chittenden, supra;* and *State ex rel. Badtke v. School Board, supra.* Rather, it is argued the circuit court failed to recognize and exercise its authority to review the coun-

---

[5] Whether the validity of the resolutions could be challenged by declaratory judgment under sec. 269.56, Stats., is not suggested by the parties and no opinion is herein expressed.

cil's action to determine if there was a rational factual basis for the adoption of the emergency resolutions.

The circuit court said, in its decision from the bench:

"It is the opinion and judgment of this court—and this is in accordance, I believe, with supreme court decisions —that this simply means that the city, through its council, has a right to determine that an emergency does or does not exist, and neither this court nor anyone else has any right to go back of that formal determination.

" . . .

"Therefore, the court feels that the action, so far as time was concerned, was proper and timely.

"I have carefully reviewed all of the files and proceedings in this matter, including the petition by the petitioner and including the return by the city, and I find no error in the procedure followed by the city."

It has been fundamental constitutional law since Justice MARSHALL'S decision in *Marbury v. Madison* (1803), 1 Cranch 137, that legislative acts can be subjected to judicial scrutiny. Clearly the relator here was entitled to be heard by the circuit court respecting the alleged lack of rational basis and statutory compliance for these resolutions.

The standards to be followed by a court reviewing a legislative matter were enunciated in *Onsrud v. Kenyon* (1941), 238 Wis. 496, 300 N. W. 359, the principal authority relied on by appellant, where this court was presented with a challenge of a declaration of emergency by the state legislature in the form of a mortgage moratorium statute.[6] In subjecting the legislative action to review, the court said at page 501:

"To such a legislative declaration and judgment there are applicable the rules stated by Mr. Justice STONE in *South Carolina State Highway Dept. v. Barnwell Bros., Inc.*, 303 U. S. 177, 191, 58 Sup. Ct. 510, 82 L. Ed. 734, to wit:

---

[6] Sec. 281.22 (4), Stats. of 1937.

" 'Being a legislative judgment it is presumed to be supported by facts known to the legislature unless facts judicially known or proved preclude that possibility. Hence, in reviewing the present determination we examine the record, not to see whether the findings of the court below are supported by evidence, but to ascertain upon the whole record whether it is possible to say that the legislative choice is without rational basis.' "

There can be no doubt the council's action may be examined by the court to determine if it is without rational basis or whether it complies with statutory direction.

In response to a question posed at oral argument, relator's counsel declared the only matter being requested of this court is a holding that the relator be allowed to show the absence of any factual basis for the emergency resolutions. These facts cannot be shown in a contested evidentiary hearing. Common-law certiorari, by its very nature, limits the review to the record brought up, *State v. Fischer* (1921), 175 Wis. 69, 77, 184 N. W. 774, and to the additional facts that can be judicially noticed.[7] The record in the instant case essentially amounts to the petition for the writ, respondents' return which includes the resolutions of the common council, letters, and the order of the department of revenue. In holding that a relator is bound by the statements in the return to a writ of certiorari, this court said in *State ex rel. Grant School Dist. v. School Board* (1958), 4 Wis. 2d 499, 504, 506, 507, 91 N. W. 2d 219:

". . . Appellants attempt to impeach the return by evidentiary matters which are outside the record.

" '. . . the errors of which the plaintiff in error complains cannot be reached by this writ, for the simple reason that we cannot go into a review of matters of evidence. *We are confined to the defects appearing upon the return.*' (Emphasis supplied.) *Morris v. Ferguson* (1861), 14 Wis. *266, *268.

" . . .

---

[7] *See: Consolidated Apparel Co. v. Common Council, supra.*

". . . Appellants are bound by the rules applying to certiorari:

" ' "The relator who selects certiorari as his method of review and remedy subjects himself to having his rights decided upon such statement of facts as the return may make, if so responsive." *State ex rel. Gray v. Oconomowoc,* 104 Wis. 622, 627, 80 N. W. 942. The return "imports absolute and complete verity, so far as it is responsive to the writ; and neither the allegations of the petition nor of the writ can serve to supply other facts merely because they are not traversed or otherwise met by the return." *State ex rel. Heller v. Fuldner,* 109 Wis. 56, 58, 85 N. W. 118.' *State ex rel. Wasserman v. O'Brien* (1930), 201 Wis. 356, 357, 230 N. W. 59."

Additionally, it is clear from the above-quoted statement from *Onsrud, supra,* page 501, that:

". . . a legislative judgment . . . is presumed to be supported by facts known to the legislature unless facts judicially known or proved preclude that possibility." [8]

We therefore conclude the trial court was technically in error when, speaking of the emergency, it stated "that this simply means that the city, through its council, has a right to determine that an emergency does or does not exist, and neither this court nor anyone else has any right to go back of that formal determination." The trial court and this court, in certiorari, do have a right to review all the information contained in the return plus those matters of which they can take judicial notice to determine whether the act of the council is authorized by the statute, and whether the prerequisites of the statute exist or have been complied with.

Even though the memorandum opinion of the trial court indicated it could not go back of the council's determination of emergency, it does appear that the trial judge did, in fact, examine the record when he stated:

[8] *See also: Bohn v. Sauk County* (1954), 268 Wis. 213, 67 N. W. 2d 288.

"I have carefully reviewed all of the files and proceedings in this matter, including the petition by the petitioner and including the return by the city, and I find no error in the procedure followed by the city."

Because common-law certiorari is limited to the record and judicial notice this court can look at the record *ab initio.*

Our review of the record convinces us that there is no jurisdictional error and that the determination of the existence of an emergency in the assessment of real and personal property in Baraboo is not without rational basis. The determination of the council of an emergency as it appears in the resolution is presumptively correct. In addition thereto, it appears from the petition and the return that a substantial number of taxpayers sought a reassessment. It also appears that the department of revenue, after consultation with the mayor, also concluded an emergency existed. These facts support the council's determination of an emergency. There is nothing in the record other than the relator's allegation in her petition that no emergency existed.

The expert appraisers were hired in compliance with the statute.

We conclude the city council complied with all the requirements of sec. 70.055, Stats., and that the employment of an expert to assist the assessor in the assessment of property and preparation of the 1969 tax roll was valid.

The trial court correctly quashed the writ of certiorari.

*By the Court.*—Judgment affirmed.

HALLOWS, C. J. (*dissenting*). I would send the case back to the trial court for a determination of the question of whether the legislative declaration on emergency was without rational basis. The trial judge stated erroneously he could not consider that question and the majority opinion states it appears in fact he did. As I understood

oral argument, the appellant admits he cannot show facts *dehors* the record but rather claims the record is sufficient for his arguments on lack of a basis for declaring an emergency. Lastly, the majority opinion forecloses the trial judge from his right of asserting his judicial knowledge of facts, if he has such knowledge, which preclude the possibility that the common council judgment should be presumed to be supported by facts known to the council. I think we have taken too short of a short cut.