STATE of Wisconsin, Plaintiff-Respondent,

v.

David A. BROWN, Defendant-Appellant.

Court of Appeals

*No. 92–1887–CR. Submitted on briefs December 4, 1992.—Decided February 24, 1993.*

(Also reported in 497 N.W.2d 463.)

On behalf of the defendant appellant, the cause was submitted on the brief of *Terry W. Rose* of *Rose & Rose* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Philip Peterson*, assistant attorney general.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

SNYDER, J.   David A. Brown was convicted of sexually assaulting a thirteen-year-old girl contrary to sec. 948.02(2), Stats. On appeal, Brown argues that the trial court's requirement that he pay for the victim's tuition to attend another school outside her district is an

unreasonable condition of his probation. We disagree and affirm.

On August 4, 1991, E.M.L. and K.L. spent the day with two males, K.L.'s boyfriend and Brown, age twenty, whom E.M.L. had never met before. Later that evening all four checked into a motel room where Brown forced E.M.L. to have sexual intercourse with him. Afterwards, E.M.L. left the motel and was picked up by friends who told her to report the incident. Brown was charged with second-degree sexual assault in violation of sec. 948.02(2), Stats.

After the incident, E.M.L. began to experience harassment and verbal and physical threats at school from older classmates who apparently were friends of Brown. E.M.L. alleged that Brown had specifically instructed them to "make her life difficult." After several months of continuous harassment, E.M.L.'s mother requested the district attorney to investigate possible criminal charges against one of E.M.L.'s classmates.

On May 5, 1992, Brown pled guilty to the charge and was convicted. The trial court withheld sentence and ordered probation pursuant to sec. 973.09(1)(a), Stats. As a condition of probation, Brown was ordered to pay restitution in the total amount of $7526.77, representing $526.77 for a hospital bill and medical services and $7000 for school tuition reimbursement. Brown does not specifically contest the reasonableness of that portion of the restitution attributed to hospital and medical expenses, although he does assert generally that the entire restitution requirement is unreasonable. Because a trial court may require the payment of necessary medical and related professional services as restitution where a crime victim suffered bodily injury,

we affirm that portion of the restitution related to the $526.77 in expenses. *See* sec. 973.20(3)(a), Stats.

In ordering Brown to pay restitution to cover E.M.L.'s tuition to attend a public high school outside of her school district, the trial court concluded that such a condition was reasonable because E.M.L. had suffered harassment from some of her classmates as a result of the sexual assault, and that the harassment would likely continue to her detriment. Brown challenges the validity of the tuition reimbursement as being a reasonable condition of his probation.[1]

Sentencing is left to the discretion of the trial court, and appellate review is limited to determining whether there was an abuse of discretion. *State v. Harris,* 119 Wis. 2d 612, 622, 350 N.W.2d 633, 638 (1984). It is within the trial court's broad discretion to place a convicted person on probation and to impose any conditions which appear to be reasonable and appropriate on that probation. *State v. Heyn,* 155 Wis. 2d 621, 627, 456 N.W.2d 157, 160 (1990).

The issue before this court is whether the condition of probation requiring Brown to pay the victim's tuition so that she could attend another school is reasonable and appropriate under sec. 973.09(1)(a), Stats.[2] The

---

[1] The tuition dollar amount established by the trial court is not an issue on appeal. The trial court accepted E.M.L.'s estimate of the tuition expense and preserved Brown's opportunity to challenge both the amount and his ability to pay at a later hearing.

[2] Although not asserted by Brown, this court recognizes that an issue exists as to whether the requirement of paying for a future event, in this case the victim's tuition, constitutes "restitution" as contemplated by the statutes, thus making the condition subject to the additional requirements of sec. 973.20,

553

reasonableness and appropriateness of a condition of probation is determined by how well it serves the dual goals of probation; namely, the rehabilitation of the offender and the protection of the state and community interest. *Huggett v. State*, 83 Wis. 2d 790, 798, 266 N.W.2d 403, 407 (1978).

We conclude the objectives of probation in this case will be furthered by requiring Brown to pay for the victim's tuition to attend another school. The payment of the victim's tuition should aid in Brown's rehabilitation by increasing his appreciation for the far-reaching consequences of his assault on the victim and serve to strengthen his sense of responsibility for his actions. *Huggett*, 83 Wis. 2d at 798, 266 N.W.2d at 407. The community also benefits from the rehabilitative effects of the tuition reimbursement condition imposed on Brown. *See Heyn*, 155 Wis. 2d at 630, 456 N.W.2d at 161.

Furthermore, the record contains substantial evidence which supports the trial court's conclusions that the victim's educational and social circumstances were harmed by Brown's actions to such an extent that she would benefit by attending another school. Both the victim and her mother detailed at length the threats, harassment and problems she has endured from certain classmates. The district attorney's office was investigating one individual at the time of the sentencing. Brown himself testified at the sentencing

Stats. However, because the requirement may nevertheless be upheld if it is a reasonable and appropriate condition of probation under sec. 973.09(1)(a), Stats., *State v. Heyn*, 155 Wis. 2d 621, 628-29, 456 N.W.2d 157, 160-61 (1990), we need not decide whether the condition imposed in this case is in fact restitution or whether the condition was issued in accordance with the requirements of sec. 973.20.

hearing that he had heard the victim had been teased at school about the case.

Brown argues that he neither directly harassed the victim at school nor encouraged anyone else to do so. He further asserts that it was others, not him, who harassed her and that he should not be held responsible for conditions at her school created by others. Therefore, he claims that the requirement to pay the victim's tuition to attend another high school is unreasonable and inappropriate.

Even assuming Brown is correct in asserting that he did not orchestrate or encourage the harassment, such an argument completely ignores the fact that it was Brown's criminal assault which set in motion the events and circumstances faced by the victim. She would not feel the need to change schools or undertake an unexpected expense but for Brown's actions. These consequences stem from Brown's criminal act, and the trial court reasonably decided that he must be held responsible.

■

Accordingly, we conclude that the trial court acted within its discretion by requiring Brown to pay for the victim's tuition at another high school as a reasonable and appropriate condition of his probation.

*By the Court.*—Judgment affirmed.