STATE of Wisconsin, Plaintiff-Respondent,

v.

David W. OAKLEY, Defendant-Appellant-Petitioner.

Supreme Court

*No.  98–1099–CR.  Oral argument January 7, 2000.—Decided
May 9, 2000.*

2000 WI 37

(Also reported in 609 N.W.2d 786.)

For the defendant-appellant-petitioner, there were briefs by *Timothy T. Kay* and *Kay & Kay Law Firm*, Brookfield, and oral argument by *Timothy T. Kay*.

For the plaintiff-respondent the cause was argued by *Daniel J. O'Brien*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of a published decision of the court of appeals, *State v. Oakley*, 226 Wis. 2d 437, 594 N.W.2d 827 (Ct. App. 1999), affirming a judgment

and an order of the Circuit Court for Sheboygan County, John B. Murphy, Circuit Court Judge. We reverse the decision of the court of appeals. David Oakley, the defendant, was convicted of witness intimidation in violation of Wis. Stat. § 940.43(3) (1997–98).[1] The circuit court withheld sentence and imposed probation for a period of three years. One of the conditions of his probation was that the defendant would pay an old, unpaid fine and forfeiture previously imposed on the defendant in prior convictions.[2]

¶ 2.  The issue presented is whether a circuit court may require payment of an old, unpaid fine that was imposed in a prior sentence as a condition of probation for a new conviction when violation of the condition of probation exposes the defendant to incar-

---

[1] All subsequent references to statutes will be to the 1997–98 text unless otherwise noted.

[2] The defendant had been fined a total of $2517 to be paid in sixty days in 1989 after pleading no contest to operating a motor vehicle after revocation. In 1993 he was "fined" $100 for disorderly conduct plus various fees, for a total of $185.80, to be paid in 25 days after he failed to appear for sentencing for disorderly conduct. The disorderly conduct charge was an ordinance violation, not a criminal offense, and the money penalty is more accurately labeled a forfeiture. At the time of the conviction for witness intimidation, the defendant had paid a total of $100 against the 1989 fine and thus still owed most of the amounts imposed in 1989 and 1993.

For ease of reference, the body of this opinion addresses the fine for the 1989 criminal offense and not the forfeiture for the 1993 disorderly conduct charge. The reasoning of our opinion also applies, however, to the forfeiture imposed in the 1993 civil offense. Wisconsin Stat. § 66.12 provides the method for collecting a forfeiture in a civil action. We read that statute to mean that a forfeiture cannot be enforced as a condition of probation under § 973.09(1)(a).

ceration in county jail for more than six months. In the present case, upon revocation of probation, the defendant would be subject to a maximum term of ten years in prison. We conclude, as did Judge Snyder in his dissenting opinion in the court of appeals, that imposing the payment of a fine as a condition of probation in this case violates Wis. Stat. § 973.07.

■

¶ 3.   Section 973.07 provides that if a fine is not paid as required by a sentence, a defendant may be committed to the county jail for a period fixed by the circuit court not to exceed six months until the fine is paid or discharged. We therefore conclude that the circuit court erred as a matter of law by denying the defendant's motion to strike the payment of the old, unpaid fine as a condition of probation for the new offense, because the defendant would be exposed to more than six months in county jail for violating the condition of probation by failing to pay the fine.[3] We reverse the decision of the court of appeals and remand the cause to the circuit court with directions to vacate the payment of the old, unpaid fine as a condition of the defendant's probation.[4]

---

[3] This case does not raise the question of whether a circuit court may impose as a condition of probation payment of an old, unpaid fine if the penalty upon revocation of probation does not exceed six months in county jail.

[4] The circuit court has means to enforce the outstanding old, unpaid fine against the defendant. The court may issue a judgment for the unpaid amount and direct the clerk to file and docket a  transcript of  the judgment under Wis. Stat. § 973.05(4)(a). The court may also issue an order assigning the defendant's wages or other income under § 973.05(4)(b), (c). Pursuant to § 973.07, the defendant may be committed to the

¶ 4. The facts of the case are not in dispute. On July 3, 1997, a criminal complaint was filed against the defendant alleging that he intimidated a witness in violation of Wis. Stat. § 940.43(3). After the defendant pled no contest to the charges, the circuit court found the defendant guilty, withheld sentence and imposed probation for a period of three years. The court established three conditions of probation: First, the defendant was ordered to serve six months in the county jail, with two months served up front, and four months held in abeyance. Second, the defendant was ordered to have no contact with the victim or the victim's family. Third, the defendant was ordered to pay an old, unpaid fine that had previously been imposed for a prior conviction totaling approximately $2600.

¶ 5. The defendant brought a post-conviction motion to strike the payment of the fine as a condition of his probation. The circuit court denied his motion, and the defendant appealed. The court of appeals affirmed the judgment of conviction and the order of the circuit court denying the defendant's motion.

¶ 6. This case involves the intersection of three statutes: Wis. Stat. §§ 973.05(2), 973.09(1)(a) and 973.07. The interpretation and application of the three statutes to the undisputed facts in the present case is a question of law that this court determines independently of the circuit court and court of appeals, benefiting from their analyses.

¶ 7. Section 973.05(2) authorizes a circuit court to impose a fine as part of a sentence and to make payment of the fine a condition of probation. "When a defendant *is sentenced to pay a fine and is also placed*

---

county jail until the fine is paid, for a period fixed by the court not to exceed six months.

*on probation,* the court may make payment of the fine. . .a condition of probation." Wis. Stat. § 973.05(2) (emphasis added). Section 973.05(2) does not govern this case, and this case does not govern cases arising under § 973.05(2). The defendant in the present case was neither sentenced to pay a fine arising out of the conviction that resulted in his probation nor placed on probation when the defendant was ordered to pay a fine. Neither § 973.05(2) nor any other statute expressly authorizes a circuit court to require payment of an old, unpaid fine as a condition of probation for a new conviction. Thus we must look further for the circuit court's authority to impose the payment of an old, unpaid fine as a condition of probation for a new conviction.

¶ 8. Section 973.09(1)(a) grants a circuit court broad discretion in imposing conditions of probation. The circuit court may impose, according to Wis. Stat. § 973.09(1)(a), "any conditions which appear to be reasonable and appropriate."[5] Reasonable and appropriate conditions of probation are those that rehabilitate the offender and protect the interests of society. *See State v. Heyn,* 155 Wis. 2d 621, 627, 456

---

[5] Wisconsin Stat. § 973.09(1)(a) states in full:

Except as provided in par. (c) or if probation is prohibited for a particular offense by statute, if a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor. The court may impose any conditions which appear to be reasonable and appropriate. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously. If the court imposes an increased term of probation, as authorized under sub. (2)(a)2 or (b)2, it shall place its reasons for doing so on the record.

N.W.2d 157 (1990); *Huggett v. State*, 83 Wis. 2d 790, 798, 266 N.W.2d 403 (1978).

¶ 9. The court of appeals reasoned that repayment of the fine was a reasonable and appropriate condition of probation because the repayment would aid in the rehabilitation of the defendant's defiant attitude towards the judicial system. The State and the defendant disagree whether requiring the defendant to pay an old, unpaid fine as a condition of probation upon conviction of another unrelated crime is a reasonable and appropriate condition of probation. We do not address this issue because, as we explain below, we conclude that this condition of probation contravenes Wis. Stat. § 973.07.

¶ 10. Section 973.07, which governs the powers of a circuit court when a defendant fails to pay a fine, is the third statute applicable to this case. Section 973.07 states that "if the fine. . .[is] not paid. . .as required by the sentence, the defendant may be committed to the county jail until the fine. . .[is] paid or discharged. . .for a period fixed by the court not to exceed 6 months."[6]

---

[6] Wisconsin Stat. § 973.07 provides as follows:

If the fine, costs, penalty assessment, jail assessment, crime victim and witness assistance surcharge, crime laboratories and drug law enforcement assessment, applicable deoxyribonucleic acid analysis surcharge, applicable drug abuse program improvement surcharge, applicable domestic abuse assessment, applicable driver improvement surcharge, applicable enforcement assessment under s. 253.06(4)(c), applicable weapons assessment, applicable uninsured employer assessment, applicable environmental assessment, applicable wild animal protection assessment, applicable natural resources assessment and applicable natural resources restitution payments are not paid or community service work under s. 943.017(3) is not completed as required by the sentence, the defendant may be committed to the county jail until the fine, costs, penalty assessment, jail assessment, crime victim and witness assistance surcharge, crime laboratories and drug law

¶ 11.   The defendant argues that the circuit court may not, by using probation for a new conviction, extend the six-month maximum period in county jail prescribed by Wis. Stat. § 973.07 for failure to pay an unpaid fine. The defendant argues that in this case if he does not abide by the terms of his probation requiring him to pay the old, unpaid fine, he may, on revocation of probation, be exposed to more than six months in county jail. Indeed, the maximum sentence for the crime for which the defendant was convicted is ten years of imprisonment.

¶ 12.   In contrast, the State asserts that the circuit court did not intend to revoke the defendant's probation and impose a ten-year prison term should the defendant fail to pay the fine. The circuit court's statement at the hearing on the post-conviction motion, upon which the State relies in making this argument, is printed in the margin.[7] We disagree with

---

enforcement assessment, applicable deoxyribonucleic acid analysis surcharge, applicable drug abuse program improvement surcharge, applicable domestic abuse assessment, applicable driver improvement surcharge, applicable enforcement assessment under s. 253.06(4)(c), applicable weapons assessment, applicable uninsured employer assessment, applicable environmental assessment, applicable wild animal protection assessment, applicable natural resources assessment or applicable natural resources restitution payments are paid or discharged, or the community service work under s. 943.017(3) is completed, for a period fixed by the court not to exceed 6 months.

[7] At the March 18, 1998, post-conviction motion hearing, Judge Murphy remarked:

I can tell you, the general rule [is] we typically throw back fines in on probation conditions because we found actually it seems to benefit many of the defendants. First of all, from the standpoint that it imposes upon them a certain responsibility for some past financial obligations. We believe that's healthy for the defendant, in terms of his overall rehabilitation.

the State's interpretation of the circuit court's comments at the hearing on the post-conviction motion.

> But I think on a more practical level, we have found that while on probation, for extended periods of time, typically defendants have an opportunity to pay these fines back in an installment fashion. We find that overall that seems to help them, because the alternative for Mr. Oakley is I will have him committed to the county jail for 96 days, and unless he coughs up the money. We have not chosen to do that. If that would be Mr. Oakley's preference to serve 96 days in the county jail and still owe us the money, that can be arranged.

> But I thought really he was given a chance here to make good on this money over a three-year period of time, which should be something he can accomplish, I would hope, and I saw that as being helpful to him and also helpful to society and, specifically quite helpful to Sheboygan County, since we make a real effort [to] make sure that when we fine somebody they actually pay the money.

> Because when they don't pay the money the punishment was 100% meaningless. There is no reason to give a person a fine and not have it be paid. He can pay it on probation, because I believe that would be the best way for him to do it. Or in the alternative, I will have him committed to the county jail, and then he can pay the money to get himself out or do his 96 days, and he still owes us the money.

> I think the best route to go is stick with the probation. If it becomes an impediment to him being released from probation at the end of his term, I would consider at that time his efforts in that regard. It is possible, I believe, that Mr. Oakley might not be able to pay the entire sum within three years. But if he doesn't, I want to know why not and what efforts he's made, and I will expect the probation agent to provide me with that information. I am not inflexible with regard to these things if a person is making a reasonable effort consistent with their financial abilities to make good on one of their obligations under the probation condition.

> First of all, I believe it's a reasonable condition, because it is a past crime for which Mr. Oakley has not yet been punished because he didn't pay the fine. That was part of his punishment.

> Secondly, it benefits Mr. Oakley to get this matter cleaned up, because if not, he will be incarcerated in the county jail, which is not beneficial to Mr. Oakley, though it might be beneficial to society.

¶ 13.   A violation of a condition of probation could lead to a revocation of probation. The judgment of conviction simply states that payment of the fine is a condition of probation. Indeed at the sentencing hearing the circuit court made clear that if the defendant did not live up to the conditions of probation, the probation would be revoked, the defendant would be returned to circuit court and the circuit court would give the defendant the maximum amount of time available under the law, namely ten years in prison. The circuit court warned the defendant at the sentencing hearing as follows:

> THE COURT:   If you botch your probation, you have to get your probation taken away. That's what the probation department will do. They will revoke your probation, and then they will send you back to me. I will not be happy to see you, Mr. Oakley, because probation is your second and last chance.
>
> If you come back here with unsuccessful probation, I am probably going to give you the maximum amount of time available to me under the law, which is ten years in prison. So if you are inclined, while on probation, to this screwing off in regard to your obligations, keep in mind that I will be seeing you again, and then you are going to go right from here, right up to prison. That's not what you want to do.
>
> I want you to be successful. I have no wish to ever see you again. But if I do, you can pretty much

---

The motion is denied. We will leave that on as a condition of probation. Let's just see David [Oakley] make a reasonable effort to get that money paid up.

Neither the circuit court nor the State explains this reference to 96 days.

537

assume I am going to lower the boom on you. Any questions about that?

THE DEFENDANT:   No.

¶ 14.   The conditions of the defendant's probation set forth in the judgment of conviction and the circuit court's comments at the sentencing, as well as at the hearing on the post-conviction motion, do not clearly indicate the term of incarceration to which the defendant would be subjected should the defendant fail to pay the fine. The maximum sentence for the conviction is ten years in prison.

¶ 15.   Wisconsin Stat. § 973.07 expressly limits incarceration as a means of collecting a fine to a period in county jail not to exceed six months. Accordingly we conclude that the circuit court erred as a matter of law in making the payment of an old, unpaid fine a condition of probation for a new conviction when violation of the condition exposes the defendant to incarceration in county jail for more than six months.

¶ 16.   This conclusion is supported by the language of Wis. Stat. § 973.07, the legislative history of § 973.07, and case law interpreting §§ 973.07 and 973.09(1)(a).

¶ 17.   The plain words of Wis. Stat. § 973.07 that the defendant may be committed to county jail "for a period fixed by the court not to exceed 6 months" for failure to pay a fine demonstrates the legislature's intent to limit incarceration imposed for the failure to pay an outstanding fine to no more than six months in county jail.

¶ 18.   The legislative history of Wis. Stat. § 973.07 also reflects the legislature's intent to limit the length of incarceration for failure to pay a fine to six months in county jail. For more than 120 years, the

legislature has limited incarceration for nonpayment of a fine to no more than six months in county jail. *See, e.g.*, Wis. Stat. § 959.055(1) (1967); Wis. Rev. Stat. (1878) § 4633. This consistent statutory limitation on incarceration for failure to pay a fine is strong support for our decision today.

¶ 19. Our interpretation of Wis. Stat. § 973.07 is further supported by case law. In *State v. Schuman*, 173 Wis. 2d 743, 496 N.W.2d 684 (Ct. App. 1993), the court of appeals held that § 973.07 provides for a six-month limit on the time a defendant may be incarcerated for nonpayment of a fine. The court of appeals declared that once a defendant has served six months in county jail for nonpayment of a fine, the circuit court may not issue another commitment order based upon the defendant's failure to pay the fine. The court of appeals concluded that although § 973.07 has been amended several times over the years, the six-month limitation on incarceration in county jail has remained constant. *Schuman*, 173 Wis. 2d at 748. The *Schuman* court further concluded that when the legislature enacted the statute it intended to provide for a threat of incarceration to coerce payment, but it also intended to limit that threat.

¶ 20. Several cases preceding *Schuman* interpreted the earlier versions of Wis. Stat. § 973.07 as limiting the state's ability to incarcerate a defendant for more than six months in county jail when the defendant has not paid a fine. *See, e.g., State ex rel. Pedersen v. Blessinger*, 56 Wis. 2d 286, 290, 201 N.W.2d 778 (1972)(noting that the legislature adopted a six-month incarceration limit to collect a fine because if six months' incarceration will not induce payment, a longer time will be fruitless); *Starry v. State*, 115 Wis. 50, 90 N.W. 1014 (1902) (noting that Wis. Stat. (1898)

§ 4633 expressly forbids indefinite commitments to jail for the failure to pay fines); *Bonnville v. State*, 53 Wis. 680, 689, 11 N.W. 427 (1882) (concluding that the legislature adopted Wis. Rev. Stat. (1878) § 4633 for the express purpose of limiting incarceration in all cases of the nonpayment of a fine).

¶ 21. The State argues that Wis. Stat. § 973.09(1)(a), which grants circuit courts the power to "impose any conditions [of probation] which appear to be reasonable and appropriate," should be read to allow a circuit court to fashion conditions of probation and to override the limitation on incarceration for failure to pay a fine provided in § 973.07.

¶ 22. The State relies on *State v. Heyn*, 155 Wis. 2d 621, 456 N.W.2d 157 (1990), to support its interpretation of Wis. Stat. §§ 973.07 and 973.09(1)(a). In *Heyn* the circuit court required a convicted burglar, as a condition of probation, to compensate the victim for installation of a burglar alarm system. Wisconsin Stat. § 973.09(1)(b) (1985–86) limited restitution as a condition of probation to compensation for a pecuniary loss.[8] This court agreed that compensation for the alarm system was not compensation for a pecuniary loss and therefore did not constitute restitution under Wis. Stat. § 973.09(1)(b)(1985–86).

¶ 23. The *Heyn* court, however, concluded that the circuit court could require the defendant to com-

---

[8] Wisconsin Stat. § 973.09(1)(b) (1985–86) provided in relevant part as follows:

> If the court places the person on probation, the court shall require restitution designed to compensate the victim's pecuniary loss resulting from the crime to the extent possible, unless the court finds there is substantial reason not to order restitution as a condition of probation. If the court does not require restitution to be paid to a victim, the court shall state its reason on the record. . . .

pensate the victim for the alarm system under the probation statute, § 973.09(1)(a) (1985–86). The *Heyn* court viewed § 973.09(1)(b) (1985–86), governing restitution, as cumulative and concurrent with § 973.09(1)(a) (1985–86), the general probation statute, and held that the restitution statute neither usurped nor abridged the general probation statute. *Heyn*, 155 Wis. 2d at 628 (quoting *State v. Connelly*, 143 Wis. 2d 500, 505, 421 N.W.2d 859 (Ct. App. 1988)).[9]

¶ 24.   The State argues in the present case that Wis. Stat. §§ 973.09(1)(a) and 973.07 should be interpreted in the same way that this court interpreted § 973.09(1)(a) (1985–86) and § 973.09(1)(b) (1985–86) in *Heyn*. In other words, the State urges that § 973.07, limiting incarceration for the nonpayment of a fine, should be read as cumulative and concurrent with § 973.09(1)(a), the general probation statute, and that § 973.07 neither usurps or abridges the general probation statute nor restricts the circuit court's broad discretion in fashioning conditions of probation.

¶ 25.   We reject the State's interpretation of Wis. Stat. §§ 973.09(1)(a) and 973.07. The statute at issue in *Heyn*, § 973.09(1)(b) (1985–86), required the circuit court to order restitution, that is, to order certain types of compensation to a victim under certain circumstances, or to explain on the record why it did not do so. Nothing in Wis. Stat. § 973.09(1)(b) (1985–86) indicated that the legislature intended to limit a circuit court in ordering a defendant to compensate a victim for items that did not constitute restitution under the

[9] *See also State v. Brown*, 174 Wis. 2d 550, 497 N.W.2d 463 (Ct. App. 1993)(upholding as a condition of probation that a defendant pay $7000 to his sexual assault victim for tuition incurred when she had to change schools to avoid classmate harassment resulting from the assault).

statute. Indeed the legislative intent to be drawn from § 973.09(1)(b) (1985–86) was that the legislature favored the circuit court's ordering a defendant to compensate a victim.

¶ 26. In contrast, Wis. Stat. § 973.07 specifically limits a circuit court's means of collecting fines by incarceration. Our case law has determined that the legislature intended § 973.07 to limit a circuit court in enforcing the payment of fines by incarceration. Allowing a circuit court to enforce collection of fines under § 973.09(1)(a), the general probation statute, when failure to pay the old, unpaid fine results in a defendant being exposed to more than six months in county jail, would permit a circuit court to do what the legislature expressly forbade in § 973.07. We conclude the legislature did not intend such a result.

¶ 27. We thus conclude that the circuit court erred as a matter of law, and thus erroneously exercised its discretion, by setting forth as a condition of probation the payment of an old, unpaid fine when the defendant would be exposed to more than six months in county jail for failure to pay the fine. This condition of probation to pay an old, unpaid fine in the present case conflicts with the clear statutory mandate in Wis. Stat. § 973.07 that incarceration for failure to pay a fine is limited to incarceration in county jail for no more than six months.

¶ 28. The decision of the court of appeals is reversed and the cause remanded to the circuit court with directions to vacate the condition of the defendant's probation that requires the defendant to pay the old, unpaid fine.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded to the circuit court.

542

¶ 29. JON P. WILCOX, J. *(dissenting)*. I agree with Justice Prosser that the correct way to resolve this case is to hold that a court may impose old fines as a condition of probation but that failure to comply with such a condition cannot result in incarceration for more than six months in the county jail.

¶ 30. I write separately to point out that what the trial judge did in this case is a common practice in some circuit courts in this state, and with good reason. By failing to make court-ordered payments in the past, the defendant in this case has demonstrated his disrespect for the law and his contempt for the authority of the court. It is therefore entirely reasonable and appropriate for the court to address the old, unpaid fines when setting conditions of probation for the defendant's new offense. Imposing such a condition is well within the court's broad discretion under Wis. Stat. § 973.09 and is not expressly prohibited under Wis. Stat. § 973.07. I therefore would not interfere with the courts' flexibility to address old, unpaid fines when setting conditions of probation in a new case as long as the court makes clear that the penalty for failure to pay the fine is no more than six months incarceration in the county jail.

¶ 31. I share Justice Prosser's concern that the court implicitly holds that the payment of old, unpaid fines can never be a condition of probation except in a few misdemeanor cases. Instead, the enforcement of old fines will now require commencement of separate judicial proceedings. It is unfortunate that additional judicial resources will be required to enforce payment of old fines when the court's discretion under Wis. Stat. § 973.09 is clearly broad enough to address these matters as conditions of probation.

¶ 32. I would remand the case for clarification. The court has the authority to require as a condition of

probation that the probationer be confined. On remand, the circuit court therefore could clarify that one of the conditions of the defendant's probation is that he either pay the old, unpaid fines or serve six months of his probation period in the county jail. I believe that such a condition of probation would be reasonable and appropriate under Wis. Stat. § 973.09 and would be consistent with Wis. Stat. § 973.07.

¶ 33.  For the above-stated reasons, I respectfully dissent.

¶ 34.  I am authorized to state that Justice DAVID T. PROSSER joins this dissent.

¶ 35.  DAVID T. PROSSER, J. *(dissenting)*. David W. Oakley was convicted of intimidating a witness after his negotiated plea of no contest. The court withheld sentence and ordered Oakley placed on probation for 36 months. The court established several conditions of probation, including the payment of two "old fines" that Oakley owed to Sheboygan County. One of the old fines was part of Oakley's sentence for a past criminal conviction; the other was actually a civil forfeiture imposed for a past ordinance violation. Together, the two monetary penalties totaled $2,602.80. Oakley later challenged the lawfulness of making payment of these old fines a condition of his probation. The majority upholds his challenge. I disagree and respectfully dissent.

¶ 36.  There is no reason to believe that Oakley's probation has ever been revoked. Consequently, we can only speculate what would have happened had Oakley's probation been revoked for failure to pay the two unpaid fines. If Oakley's probation had been revoked for failure to pay those fines and he had been

sentenced either to a state correctional institution or to jail for more than six months, I would not be filing a dissent. Rather, I would be concluding that those sentences were inconsistent with Wis. Stat. § 973.07. *State v. Schuman*, 173 Wis. 2d 743, 496 N.W.2d 684 (Ct. App. 1993); *see also State ex rel. Pedersen v. Blessinger*, 56 Wis. 2d 286, 201 N.W.2d 778 (1972).

¶ 37. In this case, the majority holds that making payment of the old fines a condition of probation for a felony that carries a potential maximum sentence of ten years "conflicts with the clear statutory mandate in Wis. Stat. § 973.07 that incarceration for failure to pay a fine is limited to incarceration in county jail for no more than six months." Majority op. at ¶ 27. Inasmuch as Oakley was never sentenced to more than six months, the majority grounds its decision on Oakley's "exposure" to a sentence of more than six months if his probation were revoked. Majority op. at ¶¶ 2, 3, 11, 15, 27. This exposure principle is disturbing because it bases this court's decision on the mere possibility of an unlawful sentence, and it creates confusion for the future.

¶ 38. Wisconsin Stat. § 973.09 sets out the basic principles of probation. Subsection (1)(a) of the statute authorizes a court to impose "any conditions" of probation "which appear to be reasonable and appropriate." This language grants the circuit court "broad discretion." *State v. Heyn*, 155 Wis. 2d 621, 627, 456 N.W.2d 157 (1990). For instance, the existence of specific authority under § 973.09(1)(b) to require victim restitution does not inhibit or restrict the authority of a circuit court to impose "reasonable and appropriate" conditions requiring other payment under § 973.09(1)(a). *State v. Connelly*, 143 Wis. 2d 500, 505, 421 N.W.2d 859 (Ct. App. 1988). Of course, any condi-

tion of probation must serve one or more of the objectives of probation, namely, the rehabilitation of the offender, the restoration of the victim, and the protection of state and community interests. *State v. Tarrell*, 74 Wis. 2d 647, 653, 247 N.W.2d 696 (1976); *Huggett v. State*, 83 Wis. 2d 790, 798, 266 N.W.2d 403 (1978); *State v. Brown*, 174 Wis. 2d 550, 554, 497 N.W.2d 463 (Ct. App. 1993).[1]

¶ 39.  Oakley challenges the proposition that the payment of old fines is a reasonable and appropriate condition of probation. The court never answers this challenge. It cannot embrace Oakley's contention without substantially narrowing the broad discretion given by statute to circuit courts. Requiring Oakley to pay his old monetary obligations is clearly in the community's interest. Permitting the Department of Corrections to oversee Oakley's progress and develop an orderly schedule of payment on his old fines facilitates payment of the overdue obligations without resorting to a separate court proceeding or imposing jail time. Depriving the State of the means to monitor and pressure Oakley for payment of his unpaid obligations forces the State to abandon the obligations or resort to incarceration. Vindicating Oakley's challenge does not promote Oakley's rehabilitation. Jailing Oakley is not in Oakley's interest if incarceration can be avoided.

[1] Article I, § 9m, the "Victims of crime" amendment to the Wisconsin Constitution adopted in 1993, reemphasizes the importance of restitution to the victim as part of the criminal justice process. It provides in part that "This state shall ensure that crime victims have all of the following privileges and protections as provided by law:. . .restitution; compensation. . . ." By implication, the amendment enlarges the objectives of probation.

¶ 40.    The majority does not conclude that payment of the old fines is beyond the broad discretion of the circuit court under Wis. Stat. § 973.09(1)(a). Instead, it employs a theoretical device to reach the same result.

¶ 41.    Under the exposure principle established by the majority, payment of an old unpaid fine may not be made a condition of probation for any felony because all felonies expose defendants to potential penalties of more than six months. Wis. Stat. § 939.50(3). Payment of an old unpaid fine may not be made a condition of probation for a Class A misdemeanor because all Class A misdemeanors expose defendants to a potential penalty of nine months. Wis. Stat. § 939.51(3)(a). In theory, then, payment of an old fine could only be made a condition of probation for a Class B misdemeanor (90 days maximum incarceration) or a Class C misdemeanor (30 days maximum incarceration). Such a condition would not serve as an effective enforcement mechanism because revocation of probation for these offenses would lead to maximum incarceration of only 90 days for a Class B misdemeanor, or 30 days for a Class C misdemeanor. Moreover, a court would be unlikely to impose repayment of an old fine of more than $1,000 as a condition of probation because the maximum fine that may be imposed for a Class B misdemeanor is only $1,000. The maximum fine for a Class C misdemeanor is only $500. The majority also determines that an old unpaid forfeiture may not be imposed as a condition of probation under any circumstances. Majority op. at n.2. Hence, without saying so explicitly, the majority implicitly rules that payment of an old unpaid fine may not be made a condition of probation, except, possibly, for a few minor misdemeanors in cir-

cumstances when such a condition is unlikely to be helpful.

¶ 42. The exposure principle lays the groundwork for future problems. Suppose a defendant is convicted of a Class C felony that subjects him to imprisonment not to exceed 10 years. Sentence is withheld and the court places the defendant on probation for three years. The court establishes three conditions of probation: (1) payment of a $2,000 fine; (2) payment of costs and assessments; and (3) performance of 200 hours of community service. What is the result if the defendant fails to satisfy any one of the conditions of probation? May the court, after revocation, sentence the defendant to prison for up to 10 years? Somewhat surprisingly, the answer must be "yes"—on grounds that the defendant has not been "exposed" to anything more than the law has authorized. If the answer were "no"—on grounds that Wis. Stat. § 973.07 limits the penalty for violations of these conditions to county jail time not to exceed six months—then we would be concluding that § 973.07 applies and the exposure principle set forth in this case was a fiction.

¶ 43. The appropriate way to decide this case is to hold that Wis. Stat. § 973.09(1)(a) authorizes the old fines condition of probation established by the Sheboygan County Circuit Court. However, Wis. Stat. § 973.07 prevents the court or anyone else from enforcing this specific condition by imposing incarceration for more than six months in the county jail. Here, sentence was withheld. Had sentence been imposed and stayed before Oakley was put on probation, his failure to comply with the old fines condition of probation could not have served as grounds for revocation. Probation authorities and the court would have had to find some

other way to impose consequences for his defiant non-payment.