STATE OF CONNECTICUT *v.* SILAS S.*
(SC 18529)

Norcott, Palmer, Zarella, McLachlan, Eveleigh and Vertefeuille, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued March 24—officially released July 19, 2011

*Kevin T. Kane*, chief state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Tatiana A. Messina*, assistant state's attorney, for the appellant (state).

*Christopher Duby*, special public defender, for the appellee (defendant).

*Opinion*

NORCOTT, J. The sole issue in this certified appeal is whether General Statutes § 53a-30 (a)[1] authorized the

[1] General Statutes § 53a-30 (a) provides: "When imposing sentence of probation or conditional discharge, the court may, as a condition of the sentence, order that the defendant: (1) Work faithfully at a suitable employment or faithfully pursue a course of study or of vocational training that will equip the defendant for suitable employment; (2) undergo medical or psychiatric treatment and remain in a specified institution, when required for that purpose; (3) support the defendant's dependents and meet other family obligations; (4) *make restitution of the fruits of the defendant's offense or make restitution, in an amount the defendant can afford to pay or provide in a suitable manner, for the loss or damage caused thereby and the court may fix the amount thereof and the manner of performance;* (5) if a minor, (A) reside with the minor's parents or in a suitable foster home, (B) attend school, and (C) contribute to the minor's own support in any home or foster home; (6) post a bond or other security for the performance of any or all conditions imposed; (7) refrain from violating any criminal law of the United States, this state or any other state; (8) if convicted of a misdemeanor or a felony, other than a capital felony, a class A felony or a violation of section 21a-278, 21a-278a, 53a-55, 53a-56, 53a-56b, 53a-57, 53a-58 or 53a-70b or any offense for which there is a mandatory minimum sentence which may not be suspended or reduced by the court, and any sentence of imprisonment is suspended, participate in an alternate incarceration program; (9) reside in a residential community center or halfway house approved by the Commissioner of Correction, and contribute to the cost incident to such residence; (10) participate in a program of community service labor in accordance with section 53a-39c; (11) participate in a program of community service in accordance with section 51-181c; (12) if convicted of a violation of subdivision (2) of subsection (a) of section 53-21, section 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a or 53a-72b, undergo specialized sexual offender treatment; (13) if convicted of a criminal offense against a victim who is a minor, a nonviolent sexual offense or a sexually violent offense, as defined in section 54-250, or of a felony that the court finds was committed for a sexual purpose, as provided in section 54-254, register such person's identifying factors, as defined in section 54-250, with the Commissioner of Public Safety when required pursuant to section 54-

trial court to order the defendant, Silas S., who had committed criminal trespass, to pay restitution to the victims, the owners of the property upon which he trespassed, despite the fact that he had not personally profited from the trespass or caused any physical damage to the property. The state appeals, following our grant of its petition for certification,[2] from the judgment of the Appellate Court reversing, in part, the judgment of the trial court adjudicating the defendant a youthful offender, and vacating the sentence imposed, namely, that as a special condition of probation, the defendant was required to make restitution to the victims in the amount of $2000. *State* v. *Silas S.*, 118 Conn. App. 236, 237–39, 928 A.2d 1105 (2009). On appeal, the state claims that the Appellate Court improperly concluded that the trial court's imposition of restitution as a condition of probation was an abuse of its discretion. Specifically, the state contends that the imposition of restitution properly served the rehabilitative purpose of forcing the defendant to accept responsibility for his part in a collective endeavor of criminal trespass wherein twenty-two teenagers held an unsupervised, unauthorized party that resulted in significant damage to the unoccupied house in which the party took place. Guided by, inter alia, *State* v. *Pieger*, 240 Conn. 639, 692 A.2d 1273 (1997), we conclude that the trial court did not

251, 54-252 or 54-253, as the case may be; (14) be subject to electronic monitoring, which may include the use of a global positioning system; (15) if convicted of a violation of section 46a-58, 53-37a, 53a-181j, 53a-181k or 53a-181l, participate in an anti-bias crime education program; (16) if convicted of a violation of section 53-247, undergo psychiatric or psychological counseling or participate in an animal cruelty prevention and education program provided such a program exists and is available to the defendant; or (17) *satisfy any other conditions reasonably related to the defendant's rehabilitation.* The court shall cause a copy of any such order to be delivered to the defendant and to the probation officer, if any." (Emphasis added.)

[2] We granted the state's petition for certification to appeal limited to the following issue: "Whether the Appellate Court correctly concluded that the trial court's imposition of restitution as a condition of probation was an abuse of discretion?" *State* v. *Silas S.*, 294 Conn. 931, 986 A.2d 1057 (2010).

abuse its discretion because its order of restitution had a nexus to the crime of which the defendant was convicted and was, therefore, reasonably related to the defendant's rehabilitation. Accordingly, we reverse the judgment of the Appellate Court.

The record and the opinion of the Appellate Court reveal the following relevant facts and procedural history. "In 2008, the state filed an information charging the defendant as a youthful offender for having committed the crime of criminal trespass in the second degree. Following a trial before the court, the court, in an oral decision, found that on February 3, 2007, the defendant entered and remained unlawfully in an unoccupied house in Fairfield, which was being readied for sale by [the victims]. The court found that despite the defendant's testimony that he did not know that the house was unoccupied, he knew that he was neither licensed nor privileged to enter and to remain on the property. The court adjudicated the defendant a youthful offender for committing the crime of criminal trespass in the second degree.

"Immediately after the court rendered its decision, the prosecutor represented that the state had an interest in seeking restitution for the victims' damages. During the trial, the state presented evidence that the defendant and approximately twenty-one other persons, all of whom were in their teens, entered the unoccupied house at issue to attend a party that was held at the property without the knowledge or consent of its owners. One of the [victims], Jeffrey Rutkowski, testified that upon inspecting [the house] two days after the party, he discovered that the house was littered with trash, including beer cans, and that it had sustained extensive, intentional property damage caused by the partygoers. He testified that the cost to repair the damage exceeded $36,000. The court agreed to delay sentencing for the purpose of permitting the office of adult

probation to complete a restitution investigation. At the sentencing hearing, the prosecutor represented that, after receiving restitution from other individuals who were present at the victims' house, the victims still had not been reimbursed for all of the damages caused at the party on February 3, 2007. Accordingly, the state requested that an order of restitution be made part of the defendant's sentence. In response, the defendant's attorney argued that there was no evidence adduced at trial that the defendant had caused any of the victims' damages.

"In rendering its sentence, the court admonished the defendant for attending the party at the victims' house. The court stated that the defendant had stood by, and had done nothing, while the victims' property was damaged by others. The court also stated that eighteen other individuals who were present at the party had 'paid their fair share' by making a restitution payment to the victims. The court stated, '[Y]ou are responsible for being there just as much as any of the other participants that were there, whether or not you picked up a marker and did the graffiti or whether or not you kicked out the parts of the staircase.'[3] Thereafter, the court sentenced the defendant to a term of incarceration of ninety days, execution suspended,[4] and a period of probation of two years.[5] Among several special conditions of pro-

---

[3] "At trial, the state had elicited evidence that one or more partygoers had caused extensive damage to an interior staircase of the house and had written on one or more interior walls of the house with a marker." *State* v. *Silas S.*, supra, 118 Conn. App. 239 n.2.

[4] The trial court imposed a sentence of a term of imprisonment and suspended the execution of that sentence in accordance with General Statutes § 54-76j (a), which provides in relevant part that "[t]he court, upon the adjudication of any person as a youthful offender, may . . . (6) impose sentence and suspend the execution of the sentence, entirely or after a period set by the court . . . ."

[5] The trial court placed the defendant on probation for a period of two years in accordance with General Statutes § 54-76j (b), which provides in relevant part: "If execution of the sentence is suspended under subdivision (6) of subsection (a) of this section, the defendant may be placed on proba-

bation the court ordered was that the defendant make restitution to the victims in the amount of $2000." *State v. Silas S.*, supra, 118 Conn. App. 237–39.

The defendant appealed from the trial court's order to pay restitution,[6] claiming solely that, since there was no evidence, nor any finding of the court that he had personally caused any damage to the house, the order to pay restitution was improper. Id., 239. The Appellate Court, in a divided opinion, agreed, concluding that there was no basis for the trial court's restitution order because that court did not state that there was any other rehabilitative purpose for that condition, and that, because there was no evidence that the defendant had profited at the expense of the victims or that he had caused any measurable loss to the victims, payment to the victims could not have a legitimate rehabilitative effect on the defendant. Id., 244. Accordingly, the Appellate Court reversed the trial court's judgment only as to the sentence imposed and remanded the case with direction to vacate the special condition of probation that the defendant make restitution to the victims and for resentencing.[7] Id., 245. This certified appeal followed. See footnote 2 of this opinion.

On appeal, the state contends that the Appellate Court too narrowly construed a trial court's discretion to impose appropriate conditions of probation, includ-

tion or conditional discharge for a period not to exceed three years, provided, at any time during the period of probation, after hearing and for good cause shown, the court may extend the period as deemed appropriate by the court. . . ."

[6] The defendant did not challenge on appeal the trial court's judgment of guilty of being a youthful offender, the suspended sentence and the sentence of probation, or the specific dollar amount of the restitution.

[7] In dissent, Judge Foti concluded that the damage to the house was the fruit of the defendant's criminal activity, which satisfied § 53a-30 (a) (4), and that the condition that the defendant pay $2000 to the victims therefore was not an abuse of the trial court's discretion. See *State v. Silas S.*, supra, 118 Conn. App. 248.

ing restitution, on a youthful offender. In response, the defendant contends that the Appellate Court properly vacated the order of restitution because the trial court lacked the authority to order the defendant to pay restitution under a conviction of being a youthful offender,[8] or, even if the trial court did have such authority, that there was no factual basis to support the restitution order. We agree with the state and conclude that the

[8] The defendant claims that, under the youthful offender statutory scheme, the sentencing options that the trial court may impose on a youthful offender are limited exclusively to those provided in General Statutes § 54-76j (a), such that a trial court may not impose restitution as a condition of probation. The defendant raises this issue as an alternative ground upon which the trial court's judgment may be affirmed pursuant to Practice Book § 84-11 (a), which provides in relevant part that, "[u]pon the granting of certification, the appellee may present for review alternative grounds upon which the judgment may be affirmed *provided those grounds were raised and briefed in the appellate court. . . .*" (Emphasis added.) We note, however, that, in his principal brief to the Appellate Court, the defendant initially conceded that the trial court had the authority to impose restitution as a condition of his probation, and, in that court, merely argued that the order of restitution in this case did not have the requisite factual support. In his reply brief in the Appellate Court, though, the defendant asserted that the statute authorizing youthful offender punishments does not permit the imposition of an order of restitution. Furthermore, in raising this claim in his reply brief, the defendant did so in only a single sentence, and without citation to the statute itself or any supporting authority for his claim.

Generally, "[c]laims . . . are unreviewable when raised for the first time in a reply brief. . . . Our practice requires an appellant to raise claims of error in his original brief, so that the issue as framed by him can be fully responded to by the appellee in its brief, and so that we can have the full benefit of that written argument. Although the function of the appellant's reply brief is to respond to the arguments and authority presented in the appellee's brief, that function does not include raising an entirely new claim of error." (Citations omitted; internal quotation marks omitted.) *Grimm* v. *Grimm*, 276 Conn. 377, 393 n.19, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006). The defendant, by conceding in his principal brief to the Appellate Court that a trial court has the authority to order restitution as a condition of probation for a youthful offender, and by failing to raise this challenge to the trial court's authority until his reply brief, therefore, did not properly raise the issue before that court. Accordingly, we will not address that issue, pursuant to Practice Book § 84-11 (a), in this certified appeal.

Appellate Court improperly determined that the trial court abused its discretion in ordering restitution.

To begin, we recognize that "[t]he success of probation as a correctional tool is in large part tied to the flexibility within which it is permitted to operate." (Internal quotation marks omitted.) *State* v. *Misiorski*, 250 Conn. 280, 287, 738 A.2d 595 (1999). We also note that, "in administering the probation statute, the trial judge has 'an exceptional degree of flexibility' in determining whether to grant or revoke probation and on what terms." *State* v. *Smith*, 207 Conn. 152, 164, 540 A.2d 679 (1988), quoting *Burns* v. *United States*, 287 U.S. 216, 220, 53 S. Ct. 154, 77 L. Ed. 266 (1932).

"On appeal, the standard of review of an order of probation is whether the trial court abused its discretion. If it appears that the trial court reasonably was satisfied that the terms of probation had a beneficial purpose consistent with the defendant's reformation and rehabilitation, then the order must stand. . . . In reviewing the issue of discretion, we do so according it every reasonable presumption in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.) *State* v. *Pieger*, supra, 240 Conn. 648.

Under § 53a-30 (a), a sentencing court may impose a variety of conditions on a sentence of probation, all of which are aimed at rehabilitating the defendant. See footnote 1 of this opinion. "[B]ecause the legislature enumerated restitution as a possible condition of a criminal defendant's probation, it defies logic to conclude that restitution is punitive as a matter of law." *State* v. *Fowlkes*, 283 Conn. 735, 743–44, 930 A.2d 644 (2007). Rather, restitution "is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused. Such a penalty will [a]ffect the defendant differently than a traditional fine, paid to the [s]tate as an abstract and impersonal

entity . . . ." (Internal quotation marks omitted.) *State* v. *Pieger*, supra, 240 Conn. 650, quoting *People* v. *Carbajal*, 10 Cal. 4th 1114, 1124, 899 P.2d 67, 43 Cal. Rptr. 2d 681 (1995). "Restitution simply serves the state's rehabilitative interest in having a defendant take responsibility for his conduct through the act of making the victim whole." *State* v. *Fowlkes*, supra, 744.

Section 53a-30 (a) provides in relevant part: "When imposing sentence of probation or conditional discharge, the court may, as a condition of the sentence, order that the defendant . . . (4) make restitution of the fruits of the defendant's offense . . . ." As Judge Foti emphasized in his dissenting opinion, however, "[§ 53a-30 (a) (4)] does not define 'fruits . . . .' " *State* v. *Silas S.*, supra, 118 Conn. App. 247. In the absence of such statutory guidance, the court "may appropriately look to the meaning of the . . . [word] as commonly expressed in the law and in dictionaries." (Internal quotation marks omitted.) *State* v. *Doriss*, 84 Conn. App. 542, 549, 854 A.2d 48, cert. denied, 271 Conn. 922, 859 A.2d 581 (2004). Here, " '[f]ruit' can be defined as 'the outcome, consequence or result of some action.' The Standard Encyclopedic Dictionary (1966). This common use of the term is often so employed to describe the product or end product of some action or omission. Significantly, Roget's International Thesaurus (4th Ed. 1977) lists 'fruit' as a synonym for 'product.' " *State* v. *Doriss*, supra, 549.

The Appellate Court majority, however, focused on the fact that the defendant was convicted of criminal trespass in the second degree for entering and remaining in the victims' home without permission, but was not convicted of any crime requiring proof that he caused property damage or loss to the victims. *State* v. *Silas S.*, supra, 118 Conn. App. 242. The Appellate Court further emphasized that the state did not present any evidence to support a finding that the defendant had

caused any damage to the victims or to their house in concluding that there was no basis for the trial court's order to pay $2000 in restitution to the victims. Id., 242–44. The Appellate Court also concluded that, since the trial court did not state that there was any other rehabilitative purpose for the restitution requirement, and in the absence of any evidence that the defendant profited at the expense of the victims, there was no way any payment to the victims could have a legitimate rehabilitative effect for the defendant. Id., 244. Finally, the majority determined that the fruit of the defendant's offense was solely his unlawful presence in the victims' house, and thus rejected Judge Foti's dissenting position that the extensive damage to the victims' house was the fruit of the defendant's offense because it was undeniably "the outcome, consequence, result or end product of [the defendant's] criminal trespass." (Internal quotation marks omitted.) Id., 245 n.5.

Having reviewed the record in this case, we agree with Judge Foti's well reasoned dissenting opinion and conclude that the Appellate Court majority improperly determined that the trial court had abused its discretion in ordering the defendant to pay restitution to the victims. We have long held that probation "is not ordered for the purpose of punishment for the wrong for which there has been a conviction, or for general wrongdoing. *Its aim is reformatory and not punitive.* It is to bring one who has fallen into evil ways under oversight and influences which may lead him to a better living. The end sought is the good of the individual wrongdoer, and not his punishment." (Emphasis in original; internal quotation marks omitted.) *State* v. *Fowlkes*, supra, 283 Conn. 743. Thus, in evaluating orders of restitution as conditions of probation, we have stated that "as long as the condition requiring monetary payment shares a nexus with the defendant's crime . . . it is reasonably

related to rehabilitation." *State* v. *Pieger*, supra, 240 Conn. 651.

In *Pieger*, a defendant had struck and injured a pedestrian while driving his car, and thereafter left the scene of the accident without stopping to render assistance. Id., 641. Although the defendant was convicted of evasion of responsibility, and was not convicted of any crime requiring proof that he had caused the pedestrian's injuries; id., 649; we concluded that the trial court had acted within its discretion in ordering that the defendant make a $2500 charitable donation to the hospital that had treated the pedestrian. Id., 653. In *Pieger*, we recognized that other jurisdictions have upheld conditions requiring monetary payments when those conditions shared a nexus with the defendant's crime. See id., 650–51, citing *People* v. *Burleigh*, 727 P.2d 873, 874–75 (Colo. App. 1986) (trial court properly imposed condition of probation that physician, convicted of unlawfully dispensing controlled substance, donate $5000 to drug treatment center); *Hafner* v. *Leapley*, 520 N.W.2d 252, 253–54 (S.D. 1994) (trial court could order defendant convicted of sexual assault, as condition of probation, to pay $5000 to county as compensation for county victim assistant); *State* v. *Brown*, 174 Wis. 2d 550, 552–53, 497 N.W.2d 463 (1993) (trial court reasonably imposed condition that defendant convicted of sexual assault pay $7000 tuition cost of sending victim to another school because she was being harassed at current school as result of assault). Thus, a trial court has the flexibility to order monetary payments as a condition of probation notwithstanding the fact that the defendant has not been convicted of a crime requiring proof that he has actually caused the specific harm to which the payment is addressed.

Accordingly, we disagree with the defendant's claim in the present case that the Appellate Court properly determined that the trial court's restitution order was

an abuse of discretion because there was no evidence presented at trial that the defendant had actually caused any of the property damage. As *Pieger* makes clear, restitution does not require factual liability or causation, and, therefore, in the present case, the trial court was not imposing liability on the defendant for the damages caused during the party. Instead, the trial court relied on the fact that the defendant had attended a party in a house where he knew he and the other attendees did not have permission to be—his criminal trespass—and during the course of the unsupervised and unauthorized party, the house sustained over $36,000 in damage. Under the definition of "fruit" set forth in *State* v. *Doriss*, supra, 84 Conn. App. 549, the damage to the house in this case certainly was the outcome, consequence, result, or end product of the collective criminal trespass in which the defendant had participated and of which he was convicted. Put differently, the damage plainly had a "nexus" to the offense. See *State* v. *Pieger*, supra, 240 Conn. 651. Accordingly, under § 53a-30 (a) (4),[9] the order of restitution was reasonably related to the consequence of the defendant's criminal trespass, and well within the discretion of the trial court.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court.

In this opinion the other justices concurred.

---

[9] The state alternatively contends that, even if the damage to the house was not the "fruit" of the defendant's criminal trespass, the order of restitution as a condition of the defendant's probation is nonetheless authorized because it is an "other [condition] reasonably related to the defendant's rehabilitation"—forcing the defendant to accept responsibility for his actions—under § 53a-30 (a) (17). Since we conclude that the damage to the house was, in fact, the fruit of the defendant's criminal trespass under § 53a-30 (a) (4), we need not address the state's alternative justification for the order of restitution.